Edward FIGURES, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0906–CR–553.

Court of Appeals of Indiana.

Jan. 29, 2010.

Julie Ann Slaughter, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl M. Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

### Case Summary and Issues

Edward Figures appeals the trial court's order revoking his probation and ordering him to serve the entirety of his previously suspended sentence. Figures raises three issues for our review, which we restate as: 1) whether the trial court abused its discretion in admitting into evidence a probable cause affidavit and case chronology from a previously dismissed battery prosecution; 2) whether sufficient evidence supports the trial court's finding that Figures violated the terms of his probation by committing a criminal offense; and 3) whether the trial court abused its discretion in ordering Figures to serve the entirety of the previously suspended portion of his sentence. We conclude the trial court did not abuse its discretion in admitting the case chronology but did abuse its discretion in admitting the probable cause affidavit. As a result, insufficient evidence supports the trial court's finding that Figures committed a criminal offense. However, in light of the two other probation violations found by the trial court, which Figures does not challenge, the trial court properly revoked his probation, and the sentence imposed upon revocation was not an abuse of the trial court's discretion. Therefore, we affirm the judgment of the trial court.

### Facts and Procedural History

In June 2007, Figures was convicted, following a guilty plea, of carrying a handgun without a license, a Class C felony, and sentenced to four years with two years suspended to probation. After serving 365 actual days, Figures was released by the Department of Correction to begin serving the probationary period of his sentence. The conditions of Figures's probation included standard conditions that he not commit a criminal offense and "report as directed to the Probation Department," as well as special conditions that he complete a "Substance Abuse Evaluation—Treatment if Necessary," and eighty hours of community service work. Appellant's Ap-

pendix at 40. Figures reported to the Probation Department for an intake meeting on October 5, 2008, and completed a substance abuse evaluation. He was instructed to report to his first appointment with a probation officer on November 13, 2008, but failed to report. Figures was also instructed to report to Alpha Counseling for substance abuse treatment on November 3, 2008, but missed that appointment as well. Thereafter, Figures did not report to or have any recorded contact with the Probation Department. In addition, because Figures failed to report to the Probation Department, he was not assigned to a work crew and, as a result, did not complete any community service work.

Meanwhile, on October 17, 2008, Figures was charged in a separate case, under cause 49G16–0810–FD–236961 ("case 236961"), with domestic battery and battery as Class D felonies or, alternatively, Class A misdemeanors. The trial court in case 236961 found probable cause for the charges and, on October 23, 2008, issued a warrant for Figures's arrest. On December 2, 2008, the Probation Department filed a notice of probation violation alleging Figures violated his probation by failing to report to the Probation Department as directed and failing to comply with the court-ordered substance abuse treatment and community service work and, in addition, had an outstanding probable cause warrant for the charges in case 236961. On April 24, 2009, all the charges in case 236961 were dismissed, upon the State's motion, due to "Evidentiary Problems." Appellant's App. at 45.

On May 21, 2009, the trial court held a probation revocation hearing, in which it heard testimony regarding Figures's failure to report to the Probation Department and his failure to complete the substance abuse treatment and community service work. In addition, the State offered, and

the trial court admitted into evidence over Figures's objection, certified copies of the case chronology and probable cause affidavit from case 236961. Figures's counsel stated: "Our objection is basically based on the factors that we can't cross-examine the alleged authors of those documents to ascertain whether they are reliable hearsay, which would be admissible, Your Honor." Transcript at 15. The trial court did not explain on the record its reasons for overruling Figures's objection on the grounds of reliability. The case chronology for case 236961 contained an entry for October 23, 2008, stating, in relevant part: "Information and Probable Cause Affidavit filed (H.I.). Probable cause found." State's Exhibit 1, at 2. The probable cause affidavit stated that on October 10, 2008, Figures arranged to meet his ex-girlfriend Amanda Wilson at a public intersection, and upon meeting Wilson grabbed her hair and left shoulder in an attempt to pull her out of her vehicle and, in addition, bit Wilson's left shoulder causing "extreme pain" and visible bite marks. State's Exhibit 2, at 9. Apart from the case chronology and probable cause affidavit, no testimony was presented to corroborate this version of events.

Figures testified and admitted he failed to report to the Probation Department on November 13, 2008, but explained the reason for his not doing so was the outstanding warrant for his arrest: "the detective called and told me I had a warrant to turn myself in." Tr. at 16. Figures further admitted he did not report for the court-ordered substance abuse treatment or complete any community service work, but offered the same explanation that his reason for not doing so was the arrest warrant that had been issued.

The trial court found Figures violated the terms of his probation by failing to report as directed to the Probation De-

partment and failing to complete any community service work, and in addition, "the State has proved by a preponderance of the evidence that there is probable cause [Figures] committed a criminal act." *Id.* at 21. The trial court revoked Figures's probation and ordered him to serve the remaining two years of his original sentence with credit for eighty-nine days of pre-hearing confinement. Figures now appeals.

### Discussion and Decision

#### I. Admission of Evidence

##### A. Standard of Review

 The trial court's decision to admit or exclude evidence in a probation revocation hearing is reviewed on appeal for an abuse of discretion. *Payne v. State,* 515 N.E.2d 1141, 1143 (Ind.Ct.App.1987), *disapproved on other grounds, Cox v. State,* 706 N.E.2d 547, 551 n. 10 (Ind.1999). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Smith v. State,* 889 N.E.2d 836, 839 (Ind.Ct.App.2008).

##### B. Case Chronology and Probable Cause Affidavit

 Because the Rules of Evidence do not apply in probation revocation hearings, *see* Ind. Evidence Rule 101(c)(2), the general rule against hearsay is inapplicable. *Cox,* 706 N.E.2d at 550. However, due process principles applicable in probation revocation hearings, also codified at Indiana Code section 35–38–2–3(e), afford the probationer "the right to confront and cross-examine adverse witnesses." *Isaac v. State,* 605 N.E.2d 144, 148 (Ind.1992), *cert. denied,* 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). Yet because "[t]he due process right applicable in pro-

bation revocation hearings allows for procedures that are more flexible than in a criminal prosecution," *Reyes v. State,* 868 N.E.2d 438, 440 (Ind.2007), the right to confrontation and cross-examination in probation revocation hearings is narrower than in a criminal trial, *see id.* at 440 n. 1 (noting the U.S. Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), on the Sixth Amendment right to confrontation in criminal trials is not applicable to probation revocation hearings). For these reasons, the general rule is that hearsay evidence may be admitted without violating a probationer's right to confrontation if the trial court finds the hearsay is "substantially trustworthy." *Id.* at 442. Ideally, the trial court should explain on the record why the hearsay is substantially trustworthy, or sufficiently "reliable" to be admissible. *Id.*

 Figures argues the trial court erred in admitting, over his objection on the grounds of insufficient reliability, the case chronology and probable cause affidavit from case 236961. This court addressed a similar argument in *Pitman v. State,* 749 N.E.2d 557 (Ind.Ct.App.2001), *trans. denied.* In *Pitman,* the trial court revoked Pitman's probation based on evidence in the form of certified copies of the court docket, police report, and charging information in a case where Pitman "was arrested for and charged with battery following a finding of probable cause." *Id.* at 559. This court concluded the docket and charging information were properly admitted into evidence because "certification of the documents by the court provides substantial indicia of their reliability." *Id.*[1] Further, the docket and charging information were "items of public record which,

---

1. The *Pitman* court assumed, without deciding, that admission of the certified police re-

port was error, but concluded any error in its admission was harmless. *Id.* at 560–61.

pursuant to Ind. Evidence Rule 803(8), would be admissible as exceptions to the hearsay rule at a proceeding where the rules of evidence are applicable." *Id.* at 560; *see Hernandez v. State,* 716 N.E.2d 601, 602 (Ind.Ct.App.1999) (noting "substantial indicia of reliability ... may be inferred where the evidence falls within a firmly rooted exception to the hearsay rule"). Following *Pitman,* we conclude the trial court did not err in admitting into evidence the certified copy of the case chronology from case 236961.

██ However, we agree with Figures that the trial court erred in admitting the probable cause affidavit from case 236961 into evidence absent any foundation to establish its reliability. The trial court did not explain on the record why it considered the affidavit to be substantially trustworthy, and the State did not present any evidence to corroborate the matters asserted therein. Further, as Figures points out, the charges in case 236961 had been dismissed on the State's motion due to "[e]videntiary [p]roblems," Appellant's App. at 45, which casts doubt upon the trustworthiness of the affidavit's assertions. In *Whatley v. State,* 847 N.E.2d 1007 (Ind.Ct.App.2006), this court held a probable cause affidavit prepared and signed by the officer who was listed as the affiant bore substantial indicia of reliability such that the trial court did not err in taking judicial notice of it at the defendant's probation revocation hearing. *Id.* at 1010. However, *Whatley* did not address the reliability of a probable cause affidavit from a dismissed case, and we decline to extend its holding to such a situation. *See Tate v. State,* 835 N.E.2d 499, 509 (Ind.Ct.App.2005) (noting probable cause affidavits "pose a risk of unreliability that the hearsay rule is designed to protect against"), *trans. denied.*

## II. Sufficiency of the Evidence

### A. Standard of Review

██ When reviewing the sufficiency of the evidence to support a probation revocation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witnesses' credibility. *Woods v. State,* 892 N.E.2d 637, 639 (Ind.2008). A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence. *Cox,* 706 N.E.2d at 551. "If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." *Id.*

### B. Probation Violations

██ Figures argues insufficient evidence supports the trial court's finding that he violated his terms of probation by committing a criminal offense. We agree. Because the trial court erred in admitting the probable cause affidavit from case 236961, the only admissible evidence that Figures committed battery is the case chronology showing the charges filed and an arrest warrant issued following a finding of probable cause. In *Pitman,* 749 N.E.2d 557, this court noted a certified copy of the court docket was sufficient to show Pitman was charged with a new offense based upon probable cause, which constituted a violation of her probation. *Id.* at 561. Here, by contrast, the terms of Figures's probation were that he not *commit* any new crimes; thus, the State cannot meet its burden by merely showing Figures was charged with a crime or that probable cause was found for his arrest, which is all the case chronology is sufficient to show. Therefore, the trial court erred in finding that Figures violated the terms of his probation by committing a

criminal offense. However, the error is harmless because, as shown below, the revocation of Figures's probation is supported by two other probation violations that Figures does not contest.

### C. Harmless Error

 Figures admitted to the trial court that he violated his probation by failing to report to the Probation Department as directed and failing to complete any court-ordered community service work. Figures does not dispute the sufficiency of the evidence supporting the trial court's findings that he committed these violations. "Proof of any one violation is sufficient to revoke a defendant's probation." *Brooks v. State*, 692 N.E.2d 951, 953 (Ind.Ct.App.1998), *trans. denied.* Here, the trial court's statement indicates its decision to revoke Figures's probation was based, at least in part, upon its findings that Figures failed to report to the Probation Department and failed to complete any community service work. *See* Tr. at 21 ("The Court ... having heard the evidence finds that by a preponderance of the evidence the defendant has failed to comply with the terms and conditions of his probation. He has failed to report as directed by the probation department, failed to complete community service work .... and the State has proved by a preponderance of the evidence that there is probable cause the defendant committed a criminal act...."). Although the erroneous finding that Figures committed a criminal offense formed part of the basis for the trial court's decision to revoke his probation, the trial court did nothing to indicate it would have reached a different decision had it considered only the two unchallenged violations. For these reasons, we decline to remand for the trial court to reconsider its decision, and we affirm the revocation of Figures's probation. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g*, 875 N.E.2d 218 (remand for resentencing is appropriate remedy only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record").

### III. Sentence

 Finally, Figures argues the trial court abused its discretion by ordering him to serve the entire two years of his previously suspended sentence. A trial court's sentencing decisions for violations of probation are reviewed for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind.2007). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* Under Indiana Code section 35–38–2–3(g), if a petition to revoke probation is filed within the defendant's probationary period and the trial court finds the defendant has violated any terms of probation, the trial court may (1) continue the defendant on probation, (2) extend the defendant's probationary period by up to one year, or (3) "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Here, notwithstanding that, as Figures correctly observes, the trial court had other options besides ordering full execution, we cannot say the trial court acted outside the bounds of its discretion when it ordered Figures to serve the entire two years of his previously suspended sentence.

### Conclusion

The trial court did not err in admitting the case chronology into evidence but did err in admitting the probable cause affidavit. As a result, insufficient evidence sup-

ports the trial court's finding that Figures violated the terms of his probation by committing a criminal offense. However, this error is harmless because the trial court properly found Figures violated two other terms of his probation. Further, the trial court did not abuse its discretion in revoking Figures's probation and ordering him to serve the entire previously suspended portion of his sentence. Therefore, we affirm the judgment of the trial court.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.