**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 09 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANDREA S. WALLACE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )    No. 48A05-1109-CR-479 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0608-FC-281

**May 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Andrea S. Wallace appeals the revocation of her probation and the trial court's order that she serve two years of her previously suspended three-year sentence in the Indiana Department of Correction. She contends that the trial court abused its discretion in admitting hearsay evidence at her probation-revocation hearing and that there is insufficient evidence that she violated her probation. Because we determine that the trial court did not abuse its discretion in admitting the hearsay evidence and that there is sufficient evidence that Wallace violated her probation, we affirm.

**Facts and Procedural History**

On November 6, 2006, Wallace pled guilty to Class C felony forgery and Class D felony theft. The trial court imposed an aggregate sentence of seven years, with four years executed and three years suspended to probation. Wallace began her probation on September 7, 2010.

On July 25, 2011, the State filed a Notice of Probation Violation, alleging that Wallace "failed to behave well in society" and failed to "abstain from the use of alcoholic beverages/illicit drugs during the period of probation." Appellant's App. p. 7. An evidentiary hearing was held on August 22, 2011, and both Wallace's friend, Sandy McIntyre, and Anderson Police Department Officer Jacob Lewis testified.

Sandy testified that on July 15, 2011, she was at her apartment with Wallace and Brian McCune. She and Wallace drank six to eight shots of vodka and both became intoxicated. Tr. p. 24-25. Sandy then left her apartment with Brian to go eat at a local Mexican restaurant, leaving Wallace behind. When Sandy and Brian returned, Wallace

was still drinking. *Id.* at 28. Sandy and Wallace then got into an argument about Sandy's ex-boyfriend, and Wallace pushed her and pulled her hair. *Id.* at 20. When Sandy asked Wallace to leave her apartment, Wallace threw two glasses against a wall and called her mother for a ride home. *Id.* Sandy called the police after Wallace left her apartment.

Officer Lewis testified that he responded to a dispatch regarding the battery that took place at Sandy's apartment and that he spoke with both Sandy and Brian separately at the scene. Officer Lewis testified that Sandy told him that Wallace hit her in the face and pulled her hair. *Id.* at 8. Officer Lewis testified that he saw a small scratch on Sandy's cheek and that the wound seemed to be fresh. *Id.* at 11. He also testified that Sandy was intoxicated and upset. *Id.* at 11-12.

Officer Lewis testified that Brian told him that he and Sandy left the apartment and went to dinner. Brian said that Sandy and Wallace drank alcohol before dinner and that Sandy had a large margarita at dinner. *Id.* at 9. Officer Lewis further testified that Brian told him that back at the apartment after dinner Sandy got in Wallace's face, Wallace pushed Sandy and pulled her hair, and a fight broke out between the two women. *Id.* at 10.

During Officer Lewis's testimony, Wallace's counsel objected to the testimony regarding what Brian said to Officer Lewis because Brian was not present at the hearing and could not be subject to cross-examination. The trial court allowed Officer Lewis to testify about Brian's statements and ruled that the hearsay evidence was admissible because it was substantially reliable, stating:

> . . . for the record, I think Mr. McCune's hearsay statements may remain in
> the record. They have substantial indicia of reliability. He's talking to a

3

Police Officer. They are, for the most part, consistent with what another witness said. And there isn't any reason he's not an angry ex-boyfriend. He's not somebody trying to get, there is no reason to suggest at all that he's fabricating what he has to say or he has it out for Ms. Wallace.

*Id.* at 42.

After the evidentiary hearing, the trial court found that Wallace had violated her probation by taking a substantial step toward the commission of a battery and by consuming alcoholic beverages on July 15, 2011. The trial court revoked two years of Wallace's previously suspended three-year sentence.

Wallace now appeals.

## Discussion and Decision

Wallace makes two arguments on appeal: (1) the trial court abused its discretion in admitting hearsay evidence at her probation-revocation hearing and (2) there is insufficient evidence that she violated her probation.

### I. Hearsay Evidence

Wallace argues that the trial court abused its discretion in admitting Brian's hearsay statements at the evidentiary hearing because they were not substantially trustworthy and violated her right to confrontation. We disagree.

There is no right to probation, and a trial court has "discretion whether to grant it, under what conditions, and whether to revoke it if conditions are violated." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007), *reh'g denied*. "The due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution." *Id.* Accordingly, "courts may admit evidence during probation revocation hearings that would not be permitted in a full-blown criminal trial." *Id.*; *see*

4

*also* Ind. Evidence Rule 101(c)(2) (explaining that the Indiana Rules of Evidence are not applicable in probation proceedings). For example, "the [United States] Supreme Court specifically listed affidavits as a type of material that would be appropriate in a revocation hearing even if not in a criminal trial." *Id.* at 440-41 (referencing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), and *Morrissey v. Brewer*, 408 U.S. 471 (1972)).

Nevertheless, "[t]his does not mean that hearsay evidence may be admitted willy-nilly in a probation revocation hearing." *Id.* at 440. In *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*, the Indiana Supreme Court held that "judges may consider any relevant evidence bearing some substantial indicia of reliability[,]" including reliable hearsay. More recently, in *Reyes*, our Supreme Court adopted the substantial trustworthiness test as the approach to be used to determine the reliability of hearsay evidence in probation-revocation proceedings. *Reyes*, 868 N.E.2d at 441. In the substantial trustworthiness test, "the trial court determines whether the evidence reaches a certain level of reliability, or if it has a substantial guarantee of trustworthiness." *Id.*

When a trial court applies this substantial trustworthiness test, "ideally [the trial court should explain] on the record why the hearsay [is] reliable and why that reliability [is] substantial enough to supply good cause *for not producing . . . live witnesses.*" *Id.* at 442 (quoting *United States v. Kelley*, 446 F.3d 688, 693 (7th Cir. 2006)) (emphasis added). Therefore, if the hearsay evidence is found to be substantially trustworthy, then the evidence may be admitted without violating the probationer's right to confrontation. *See id.*

5

In this case, we find that Brian's statements reach the level of substantial reliability and are therefore admissible hearsay. Brian's statements to Officer Lewis about the events of July 15 were made to a police officer immediately after the events took place, and the trial court found that Brian had no reason to lie about what happened. Tr. p. 42. Brian's statements were also corroborated by Sandy's statements, and corroboration has weighed heavily in favor of finding hearsay statements to be substantially reliable. *See, e.g.*, *Kelley*, 446 F.3d at 692 ("the hearsay in Officer Morency's testimony and police report bore substantial indicia of reliability . . . [because] the physical evidence and the officer's personal observations and investigation corroborated the Pattersons' accusation that Kelley punched them in the face and confronted them with a rifle . . . ."); *Baxter v. State*, 774 N.E.2d 1037, 1043 (Ind. Ct. App. 2002) (lack of corroboration of hearsay testimony was a substantial factor in finding that the testimony was not substantially reliable), *trans. denied*.

We therefore find that Brian's hearsay statements testified to by Officer Lewis were substantially reliable and therefore appropriately admitted at the evidentiary hearing without violating Wallace's right to confrontation.

## II. Sufficiency of the Evidence

Wallace also contends that there is insufficient evidence that she violated her probation. We disagree.

A probation revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox*, 706 N.E.2d at 551. It is well settled that violation of a single condition of probation is sufficient to revoke probation.

6

*Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). If the court finds that the probationer has violated a condition of her probation at any time before the termination of the probationary period and the petition to revoke is filed within the probationary period, then the court may order execution of the sentence that was suspended. *Wilburn v. State*, 671 N.E.2d 143, 147 (Ind. Ct. App. 1996), *trans. denied*; *see also* Ind. Code § 35-38-2-3(g)(3) ("If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions: . . . (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.").

In addition, when reviewing the sufficiency of the evidence to revoke probation, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. 2010). If there is substantial evidence of probative value to support the trial court's decision that a probationer has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.*

Sandy testified that she and Wallace drank six to eight shots of vodka at her apartment before she left for dinner and that during the fight that ensued after dinner, Wallace pushed her and pulled her hair. Tr. p. 20, 24-25. Officer Lewis testified that Brian told him that he also saw Wallace drinking alcohol before dinner, and he witnessed the fight between Wallace and Sandy, during which Wallace pushed Sandy and pulled her hair. *Id.* at 9-10. Finally, Officer Lewis testified that the scratch he observed on

7

Sandy's face appeared to be a fresh injury. *Id.* at 11. After reviewing the evidence presented at the evidentiary hearing, the trial court did not err in finding that Wallace violated her probation by drinking alcohol and failing to behave well in society by taking a substantial step toward the commission of a battery. We therefore affirm the trial court's revocation of Wallace's probation and the order that she serve two years of her previously suspended three-year sentence in the Indiana Department of Correction.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.