**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2012, 11:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY G. LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 43A05-1207-CR-347 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KOSCIUSKO SUPERIOR COURT
The Honorable Joe V. Sutton, Judge
Cause No. 43D03-0703-FD-36

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Roy G. Lewis appeals the revocation of his probation and the execution of his suspended sentence. Finding no error, we affirm.

## Facts and Procedural History

On December 27, 2007, Lewis pled guilty to class D felony operating a vehicle while intoxicated. Pursuant to the plea agreement, the trial court sentenced Lewis to two years, with one year suspended to probation. The conditions of probation required that Lewis obey all federal, state, and local laws and submit to a breathalyzer test upon request. Lewis began serving probation on May 19, 2009.

On March 5, 2010, employees at a Kosciusko County store called 911 to report that a woman, later identified as Lewis's girlfriend Tammy Newsome, appeared "extremely distraught" and was "frantically searching for liquid Drano and lye." Tr. at 32-33. Officer Joseph Bumbaugh saw Newsome drive away from the store in a dark blue car. Officer Bumbaugh stopped the car and observed that Newsome was fidgety and unable to hold still, which he knew was associated with methamphetamine usage. Lewis was sitting in the front passenger seat. Newsome gave Officer Bumbaugh permission to search the car, but Lewis refused. Officer Bumbaugh's police dog alerted to the presence of drugs along the driver and front passenger sides of the car.

Officer Bumbaugh searched the car. On the driver's side floorboard, he found two small plastic bags with an off-white powder that later tested positive for methamphetamine. Under the front passenger seat, he found a bag of approximately eighty pills, weighing eighty

milligrams each, which later tested positive for oxycodone. Officer Bumbaugh also found the following items associated with the manufacture of methamphetamine: a gallon of Coleman camp fuel, a container of Drain-out crystal drain cleaner, sea salt, latex gloves, plastic tubing, coffee filters, dust masks, an unopened package of instant cold packs, and lithium batteries. The camp fuel and the instant cold packs were on the back seat within plain view of the front passenger seat. The other items were in the trunk. Receipts inside the car showed that most of the items had been purchased that day. When Lewis was searched, officers found over $4000 in cash.

When Officer Bumbaugh was transporting Newsome to the county jail, she told him that "they were out purchasing items to take to a friend later in the evening so that they could cook Meth," that "she had been selling Oxycontin earlier in the day," that "the money that Roy had with him was from the sale of those pills," and that the meth found in the car belonged to her but the pills under the passenger seat belonged to Lewis. *Id*. at 51.

Lewis was charged with class B felony dealing in a controlled substance and class D felony possession of two or more chemical reagents or precursors with intent to manufacture a controlled substance. On April 8, 2010, the probation department filed a petition to revoke Lewis's probation based on those charges. On September 12, 2011, Lewis's probation officer, Jennifer Van Houten, asked him to take a breathalyzer test. She informed him that a refusal to submit to the test would be a violation of his probation. Lewis refused to take the breathalyzer test. Van Houten amended the petition to revoke probation to add Lewis's refusal to take the breathalyzer test.

3

Following an evidentiary hearing on the petition to revoke probation, the trial court found that Lewis violated his probation by dealing in a controlled substance, by possessing two or more chemical reagents or precursors with intent to manufacture methamphetamine, and by refusing to submit to a breathalyzer test. The trial court revoked his probation and ordered him to serve his one-year suspended sentence.

**Discussion and Decision**

Lewis argues that there is insufficient evidence to support revocation of his probation. When reviewing the sufficiency of evidence to support a probation revocation, we will not reweigh evidence nor judge the credibility of the witnesses. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). The State is required to prove a violation of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f). The violation of a single condition of probation is sufficient to support revocation. *Gosha v State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007).

We conclude that the State presented sufficient evidence that Lewis committed dealing in a controlled substance. *See* Ind. Code § 35-48-4-2 (a person who knowingly or intentionally possesses a controlled substance with intent to deliver it commits dealing in a controlled substance). Newsome told the police that the oxycodone belonged to Lewis, that they had been selling it, and that the cash found on Lewis included proceeds from those sales. This is sufficient to show that Lewis possessed the oxycodone with the intent to deliver it. Because this violation is sufficient to support revocation of Lewis's probation, we need not address the sufficiency of the evidence for the remaining violations.

4

Lewis also contends that the trial court abused its discretion by imposing the maximum possible sanction he could receive for his probation violation. We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. After finding that a person has violated a condition of probation, the trial court may (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

Lewis argues that the execution of all of his suspended sentence is an abuse of discretion because his violations are not examples of the worst offenses nor is he an example of a worst offender. *See Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) ("[T]he maximum possible sentences are generally most appropriate for the worst offenders."). Lewis's argument attempts to implicate Indiana Appellate Rule 7(B), which is inapplicable in probation revocation proceedings. *See Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007) (stating that Appellate Rule 7(B) standard is not the correct standard to apply when reviewing a sentence imposed for a probation violation). Because Lewis fails to present any other argument, he fails to establish that the trial court abused its discretion in executing his one-year suspended sentence.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.