## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2015, 8:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Mullins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 9, 2015

Court of Appeals Case No.
48A04-1403-CR-115

Appeal from the Madison Circuit Court
Honorable Thomas Newman Jr., Judge
Cause No. 48D03-0801-FC-20

**Friedlander, Judge.**

[1] Justin Mullins appeals the trial court's order revoking probation and ordering execution of his previously suspended sentence. He presents the following restated issue for review: Did the trial court abuse its discretion in admitting

into evidence a probable cause affidavit from a previously dismissed prosecution?

[2] We affirm.

[3] After pleading guilty to two counts of theft and two counts of resisting law enforcement, the trial court sentenced Mullins to an aggregate term of three years. Eighteen months were ordered to be served in the Madison County Work Release Facility, with the balance suspended to probation.

[4] While on informal probation in this case and on more than one occasion, Mullins associated with a convicted felon – Gary Fairchild – whom Mullins had previously met while incarcerated. Late in the evening on Tuesday, November 27, 2012, police responded to a report of a possible burglary in progress at an IMI concrete plant in Hamilton County. From across the canal, a resident had heard banging at the site and called 911. Police responded and stopped a vehicle leaving the plant. Fairchild was driving, with his fiancée in the passenger seat and Mullins in the backseat. Fairchild and Mullins denied having identification. A search of the vehicle at the scene uncovered stolen electrical wires and commercial grade junction boxes from the plant, as well as Mullins's wallet and identification. Mullins and his companions were arrested that night for theft and burglary.

[5] On February 28, 2013, the State filed a notice of violation of probation alleging that Mullins had violated probation by committing the new criminal offenses in

Hamilton County and by associating with a convicted felon. Although a warrant was promptly issued, Mullins was not arrested for nearly a year.

[6] At the evidentiary hearing on February 24, 2014, Mullins admitted that he had violated probation by associating with a convicted felon. With respect to the other alleged violation, Mullins asserted that the charges out of Hamilton County had been dismissed. When the State offered the affidavit of probable cause from Hamilton County, defense counsel asserted a general objection and then indicated that Mullins's testimony "would probably shed light" on the matter. *Transcript* at 24. In his testimony, Mullins conceded many of the important facts set out in the probable cause affidavit. He admitted being in the back portion of the IMI plant with Fairchild just prior to being pulled over and that stolen items were found in the back hatch of the vehicle. Mullins also acknowledged that he lied to the officer about not having identification. During his testimony, however, Mullins denied ever getting out at the plant and indicated that he could not explain how the items stolen from the plant ended up in the vehicle. Mullins claimed, without any supporting evidence, that the charges were dismissed because Fairchild and his fiancée later took responsibility for the incident and indicated Mullins was not involved.

[7] At the conclusion of the hearing, the trial court found by a preponderance of the evidence that Mullins had committed the Hamilton County offenses. In light of this finding and the other admitted violation, the trial court revoked Mullins's probation and ordered his sentence served at the Department of Correction.

[8] On appeal, Mullins contends that the trial court abused its discretion when it admitted the probable cause affidavit into evidence because the charges had been dismissed in Hamilton County. Relying on *Figures v. State*, 920 N.E.2d 267 (Ind. Ct. App. 2010), Mullins claims that admission of the affidavit violated his due process rights to confront and cross examine adverse witnesses because the affidavit lacked any foundation to establish its reliability.

[9] Confrontation rights in the context of probation revocation are not as extensive as in criminal trials, and the Indiana Rules of Evidence do not apply. *Id*. Thus, in revocation hearings, due process does not prohibit the use "where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n.5 (1973)).

[10] We have held that a probable cause affidavit prepared and signed by the officer listed as the affiant generally bears sufficient indicia of reliability to be introduced into evidence at probation revocation hearings. *Whatley v. State*, 847 N.E.2d 1007 (Ind. Ct. App. 2006). In *Figures v. State*, the case upon which Mullins relies, we rejected the use of a probable cause affidavit in a revocation hearing where the case for which the affidavit was prepared had been dismissed due to "evidentiary problems". 920 N.E.2d at 272. We observed that this cast doubt on the trustworthiness of the affidavit's assertions particularly where the State did not present any corroborating evidence.

[11]     In *Figures*, the defendant made a specific objection to the admission of the probable cause affidavit.[1] Mullins, in contrast, failed to articulate any basis for his objection at the probation revocation hearing. Accordingly, we find the issue waived. *See, e.g., Espinoza v. State*, 859 N.E.2d 375, 384 (Ind. Ct. App. 2006) ("[g]rounds for objection must be specific and any grounds not raised in the trial court are not available for appeal").

[12]     Waiver notwithstanding, we observe that Mullins's own testimony provided substantial corroboration of the probable cause affidavit. *Cf. Figures v. State*, 920 N.E.2d at 270 ("no testimony was presented to corroborate [the probable cause affidavit's] version of events"). Mullins testified that on the night in question he was in the rear of the IMI plant with Fairchild just prior to being pulled over and that stolen items from the plant were found in the back hatch of the vehicle. Mullins also acknowledged that he lied to the officer about not having identification. While Mullins claimed no involvement in or knowledge of the burglary and theft of materials from the plant, the trial court was not bound to believe his self-serving denial, nor was it required to accept his unsubstantiated explanation for the dismissal of the charges in Hamilton County. In sum,

---

[1] When the State sought to admit the probable cause affidavit and CCS from a dismissed case, Figures raised the following specific objection: "Our objection is basically based on the factors that we can't cross-examine the alleged authors of those documents to ascertain whether they are reliable hearsay, which would be admissible, Your Honor." *Id.* at 270. Although we ultimately found the error harmless, we held that under the circumstances the trial court erred in admitting the evidence "over his objection on the grounds of insufficient reliability". *Id.* at 271.

Mullins's testimony established a sufficient foundation for the probation revocation with respect to both alleged violations.[2]

[13] Judgment affirmed.

Kirsch, J., and Crone, J., concur.

---

[2] Mullins asserts a challenge to the sentence imposed but presents no argument in support. Accordingly, we find the issue waived. *See Hart v. State*, 889 N.E.2d 1266 (Ind. Ct. App. 2008) (a party waives an issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority).