## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Paula M. Sauer
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua D. Darner,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 26, 2016

Court of Appeals Cause No.
32A01-1507-CR-887

Appeal from the Hendricks
Superior Court

The Honorable Mark A. Smith,
Judge

Trial Court Cause No.
32D04-1303-FC-34

**Barnes, Judge.**

# Case Summary

Joshua Darner appeals the revocation of his probation. We affirm.

# Issue

The sole restated issue is whether there is sufficient evidence to support the revocation of Darner's probation.

# Facts

On November 12, 2013, Darner pled guilty to obtaining a controlled substance by fraud or deceit, a Class D felony. The trial court sentenced him to 1095 days in the Department of Correction, suspended the entirety of the sentence to probation, and ordered him to pay fifty-five dollars per month in fees and court costs.

On March 5, 2014, the probation department filed a petition alleging Darner violated the conditions of his probation by possessing and consuming marijuana and "a controlled substance without a prescription from a licensed physician, to wit: Hydrocodone." App. p. 41. It further alleged he failed "to be evaluated by a DMHA certified substance abuse program within forty-five days of sentencing" and "to pay $55.00 per month toward [his] fines, costs, and fees." *Id.* On May 27, 2014, the probation department filed a supplemental petition alleging Darner violated the conditions of his probation by possessing and consuming marijuana and "a controlled substance without a prescription from a licensed physician, to wit: Morphine." *Id.* at 50.

[5] On June 16, 2015, the trial court held an evidentiary hearing on both petitions. On cross-examination, Darner admitted he tested positive in two separate drug screens. He also admitted he did not make any payments toward his fees. Andrew Lilpop, Darner's supervising probation officer, testified that although Darner had scheduled evaluations at Life Recovery Center on more than one occasion, he did not attend them and did not complete a substance abuse program.

[6] The trial court found Darner violated his probation by "possessing or consuming an illegal drug without prescription on two (2) different occasions and he failed to pay fees that he was ordered to pay and he failed to complete a certified substance abuse program with[in] forty five (45) days of his sentencing date." Tr. pp. 98-99; App. p. 60. It revoked his probation and sentenced him to serve 730 days in the Department of Correction. Darner now appeals.

## Analysis

[7] Darner contends the State failed to prove he recklessly, knowingly, or intentionally failed to pay fines, court costs, and fees and that the evidence is, therefore, insufficient to support the revocation of his probation.

[8] The State must prove a violation of probation by a preponderance of the evidence. *Dokes v. State*, 971 N.E.2d 178, 179 (Ind. Ct. App. 2012). The decision to revoke probation lies within the sound discretion of the trial court, and it may revoke probation if the conditions thereof are violated. *Lamply v. State*, 31 N.E.3d 1034, 1037 (Ind. Ct. App. 2015). We review challenges to the

revocation of probation for an abuse of discretion. *Rudisel v. State*, 31 N.E.3d 984, 987 (Ind. Ct. App. 2015). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before it. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any term of probation, we will affirm its decision to revoke probation. *Id.* at 272.

Darner himself admitted he tested positive on two drug screens. *See* Tr. pp. 92-93. That admission itself is sufficient to prove by a preponderance of the evidence that Darner violated a term of his probation. The violation of a single term of probation is sufficient to support the revocation of probation. Consequently, we need not address Darner's arguments regarding his failure to make payments.

Darner acknowledges he admitted he used illegal drugs and failed to complete a drug treatment program. He contends that despite those admissions, the State's failure to meet its burden of proof with regard to his failure to pay is not harmless error. He characterizes his failure to complete substance abuse treatment as a technical violation and argues, "This Court cannot be sure that the trial court would have imposed the same punishment of 730 days executed at IDOC for the two remaining violations . . . ." Appellant's. Br. p. 9. Darner cites to *Heaton v. State*, 984 N.E.2d 614 (Ind. 2013), to support that request. In *Heaton*, our supreme court vacated one of four findings that a probationer committed a violation and remanded the matter to the trial court to reconsider

the probationer's sanction in light of the fact that the three remaining violations were technical in nature. *Id.* at 618. Darner asks this Court to similarly remand this matter. Darner tested positive for illegal substances in two separate drug screens. Each screen revealed he had consumed marijuana and a prescription medication for which he did not have a prescription. Such a violation is not, in our view, insignificant or "technical," especially given that Darner was on probation for a drug offense. This matter is readily distinguishable from *Heaton*.

## Conclusion

[11] The trial court did not abuse its discretion when it revoked Darner's probation. Affirmed.

Robb, J., and Altice, J., concur.