## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2016, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrius Brooks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 29, 2016<br><br>Court of Appeals Case No.<br>48A05-1512-CR-2174<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Mark Dudley, Judge<br><br>Trial Court Cause No.<br>48C06-1211-FA-2135 |

**Robb, Judge.**

# Case Summary and Issues

[1] The trial court revoked Andrius Brooks's probation and ordered him to serve the entirety of his previously suspended sentence. Brooks appeals, raising two issues which we consolidate and restate as one: whether the trial court abused its discretion in admitting hearsay evidence during the probation revocation proceedings. Concluding the trial court did not abuse its discretion because the hearsay was sufficiently reliable, we affirm.

# Facts and Procedural History

[2] On December 5, 2013, Brooks entered a plea of guilty to robbery as a Class B felony and battery as a Class C felony. Pursuant to the plea agreement which capped his possible sentence at ten years, the trial court sentenced Brooks on January 14, 2014, to ten years in the Department of Correction, with six years suspended to probation.

[3] On October 19, 2015, the State filed a notice of probation violation, alleging Brooks violated the conditions of his probation by: a) committing new criminal offenses, b) failing to keep probation informed of his address, and c) associating with a convicted felon. At the probation revocation hearing, Brooks testified under oath that he failed to keep the probation department advised of his current address, thus admitting the second alleged probation violation. As to the remaining allegations, the State presented the testimony of Detectives Chris Frazier and Norman Rayford of the Anderson Police Department. In October

2015, Detectives Frazier and Rayford investigated a report of a kidnapping for which Brooks was ultimately charged with kidnapping, burglary, criminal confinement, and attempted robbery. Brooks objected to Detective Frazier's testimony about the incident itself as inadmissible hearsay because the victim did not testify. The trial court overruled the objection and allowed the detective to testify. Detective Frazier testified he interviewed the victim at the scene where she had been released. The victim was unable to identify her kidnappers because they were wearing masks when they took her at gunpoint from her home and placed her in the trunk of a car. However, she was able to generally identify the car in which she was taken and to specifically identify certain items in the trunk. Based on this and other information provided by the victim, detectives detained Brooks and his brother shortly thereafter in a car similar to the one the victim had described. The trunk contained the specific items the victim had identified. Detective Rayford testified he interviewed Brooks, who indicated he was at a job interview during the time the kidnapping was occurring. However, Detective Rayford's follow-up interview with the purported interviewer revealed no such job interview had taken place. In addition, the detectives interviewed two other individuals who Brooks claimed to have been with during part of the time the kidnapping was occurring. Both individuals denied being with Brooks at the stated times.

[4] At the conclusion of the hearing, the trial court found Brooks had violated his probation:

The issue [of the new offenses] boils down to . . . more or less a legal argument sir, and it's can I take notice of what the officer said as it relates to their investigation or as [defense counsel] says is it unreliable hearsay and I should ignore all of what they have said relating to their investigation. . . . [The State] I think has the, the better argument here. This is a probation violation hearing. There are lessened standards of proof, preponderance of the evidence. There is [sic] also lessened standards of evidentiary hurdles. We counted in that it needs to be reliable hearsay. . . . [I]f we had a trial, Detective Frazier can't just tell me well this is what the victim said. However that's not the setting, that's not what the case law tells us. Case law says this is not supposed to be a full blown trial, this is supposed to be a, basically a summary of the evidence as it relates to the, the alleged violations. . . . [T]he case law is that the witnesses that do this for a living, that follow procedures, we, we the Court can account for or say that that testimony is a more reliable form of hearsay than from other individuals. . . . [W]hat I've heard from the witness stand as well as the file, because I'm allowed to take notice of my file which includes the probable cause affidavit, is that a kidnapping occurred on October 12th and that the victim was unable to visually see who the abductor's [sic] were but . . . told the investigating officers that the people involved had Scream masks, that those were eventually retrieved by the Anderson Police Department as part of their investigation, that you were arrested in a white vehicle, with your brother, that the victim identified peculiar objects that were in the trunk of the vehicle that she was kept in and that the vehicle you were stopped in had those peculiar objects in the truck. This doesn't prove your guilt beyond a reasonable doubt, don't get me wrong, that certainly does not do that, but the Court does find that by a preponderance of the evidence the State has established that a kidnapping occurred, that there is a, as well as confinement. I didn't hear any evidence as to the robbery element. And I don't, in the end it's not going to make a whole lot of difference to me as to sanctions but so the record is clear, the State did not establish by a preponderance of the evidence the robbery elements . . . but

clearly there was the kidnapping and the confinement. You admitted as to Paragraph 3b. Your counsel is going to call that a technical violation. I agree with it. It's not, on the scale of things, a major violation, it's a minor violation, but there is that admission. As to 3c your counsel actually has the better argument there. I can assume that you know about your brother's criminal history. . . . My guess is you are aware of that but as an evidentiary point of fact for here, no one said that you were aware of your brother's felony conviction. So as far as 3c the State's failed to meet its preponderance of the evidence as to 3c. So again, for the Court, for the record, the Court does find the State's met it's [sic] burden of proof as to 3a regarding the kidnapping and the confinement, as to 3b admitted, and 3c the State failed in their burden of proof.

Transcript at 55-58. The trial court ordered Brooks to execute the entire six years previously suspended from his sentence. Brooks now appeals the trial court's revocation of his probation.

# Discussion and Decision

## I. Standard of Review

[5] A probation hearing is civil in nature, and the State must prove an alleged violation by a preponderance of the evidence. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014); *see also* Ind. Code § 35-38-2-3(f). We review a trial court's decision to admit or exclude evidence in a probation revocation proceeding for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.*

# II.  Hearsay Evidence

The Indiana Rules of Evidence do not generally apply in probation revocation proceedings.  Ind. Evidence Rule 101(d)(2).  However, due process principles applicable in probation revocation proceedings include the right of the probationer to confront and cross-examine adverse witnesses, Ind. Code § 35-38-2-3(f), albeit said right is narrower and more flexible than in a criminal trial, *Figures*, 920 N.E.2d at 271.  Therefore, the general rule against hearsay is inapplicable in a probation revocation proceeding and hearsay may be admitted without violating the probationer's right to confrontation if the trial court finds the hearsay is "substantially trustworthy." *Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007).  Where the State shows the hearsay evidence bears "substantial guarantees of trustworthiness," it need not also show good cause for not producing live testimony. *Id.* at 441.  The trial court should explain on the record why the hearsay is reliable and why that is substantial enough to comprise good cause for dispensing with live witnesses. *Id.* at 442.

Brooks contends the trial court's admission of Detective Frazier's testimony and consideration of the probable cause affidavit in lieu of testimony from his alleged victim violated his right to confront and cross-examine witnesses against him. *See* Tr. at 17 (defense counsel objecting, "[T]he problem with this approach Judge is it allows the State to get in allegedly everything the victim said to the police and then when I go to ask a question and his response will be [']I don't know, I wasn't there.[']").  He asserts the detectives were simply

"relaying information that had been gathered as a result of . . . interviews with witnesses . . . ." Brief of Appellant at 12-13.

[8] In *Whatley v. State*, 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006), we held that a probable cause affidavit prepared and signed by the officer listed as the affiant bore sufficient indicia of reliability to be introduced into evidence at a probation revocation hearing. The probable cause affidavit revealed the officer found cocaine in a drawer in a locked bedroom. The drawer also contained documents with the probationer's name on them. When the probationer was found in possession of a key to the bedroom, he admitted the cocaine was his. Brooks contends this case is unlike *Whatley* because the officer in *Whatley* personally observed evidence of the crime, whereas here, the detectives did not witness the crime themselves.

[9] In *Whatley*, the probable cause affidavit was the only evidence introduced to support the allegations that the probationer had violated his probation. Therefore, the firsthand knowledge of the affiant about evidence of a crime was an important consideration in determining the reliability of the affidavit. Here, the detectives were present at the hearing and testified about their investigation, which included interviewing the victim to ascertain what had happened. But Detective Frazier testified that during the ensuing investigation, he and other investigators uncovered evidence corroborating the victim's hearsay statements. Therefore, the hearsay statements in both the probable cause affidavit and Detective Frazier's testimony had sufficient indicia of reliability to be considered substantially trustworthy.

# Conclusion

The trial court did not abuse its discretion in admitting reliable hearsay into evidence during the probation revocation hearing. We affirm the trial court's decision to revoke Brooks's probation upon finding the State had proved by a preponderance of the evidence that he had committed new crimes in violation of the conditions of his probation.

Affirmed.

Najam, J., and Crone, J., concur.