## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2019, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William C. Turner,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 17, 2019<br><br>Court of Appeals Case No.<br>19A-CR-660<br><br>Appeal from the Decatur Superior Court<br><br>The Honorable Matthew D. Bailey, Judge<br><br>Trial Court Cause No.<br>16D01-1412-F5-856 |

**Tavitas, Judge.**

## Case Summary

William C. Turner appeals the trial court's revocation of his probation and imposition of a 795-day portion of his 1,345-day previously suspended sentence. We affirm.

## Issue

The sole issue on appeal is whether the trial court abused its discretion when it revoked Turner's probation for an alleged "technical violation" and imposed a portion of Turner's 1,345-day-previously-suspended sentence.

## Facts

On December 16, 2014, the State charged Turner with operating a motor vehicle after lifetime forfeiture of his operator's license, a Level 5 felony, in Decatur County. The State also alleged that Turner was a habitual offender. On August 23, 2017, Turner pleaded guilty, pursuant to a plea agreement, to operating a motor vehicle after lifetime forfeiture of his operator's license, a Level 5 felony, and admitted to being a habitual offender.

The trial court sentenced Turner to 1,095 days for operating a motor vehicle after forfeiture of license for life and enhanced that term by 730 days because Turner was a habitual offender, for a total of 1,825 days (or five years) in the Department of Correction ("DOC"). The trial court then ordered 730 days to be executed in the DOC and 1,095 days suspended to probation, with 545 days

subject to home detention.[1]  Turner was eligible to seek a sentence modification.

[5]     At his sentencing, Turner received written conditions of probation.  The trial court's sentencing order and its "order for probation with home detention condition" each included the following pertinent "conditions of probation":

> 1.      [Turner] must immediately make an appointment to meet with his probation officer at the Decatur County Probation Department.  Failure to report will result in a warrant for [Turner]'s arrest.  Thereafter, [Turner] must report to his probation officer as directed.
>
> * * * * *
>
> 4.      [Turner] must pay probation administrative fees and probation user fees as follows: (a) Felony convictions: $100.00 probation administration fee, $100.00 initial probation user fee, and $30.00 for each month of probation; and (b) Misdemeanor convictions: $50.00 probation administration fee, $50.00 initial probation user fee, and $20.00 for each month of probation.
>
> 5.      [ ] [Turner] must answer all reasonable inquires [sic] of his probation officer.
>
> * * * * *

---

[1] Turner's sentence was ordered to be served consecutively to his sentence in a separate cause.

If [Turner] violates a condition of probation during the probationary period, a petition to revoke probation may be filed[.]

Appellant's App. Vol. II pp. 45-46.

[6] On November 30, 2017, Turner moved for a sentence modification and asked the trial court to change the home detention portion of his sentence to probation. The trial court ordered the DOC to prepare a conduct report. After a hearing, the trial court granted Turner's sentence modification on April 13, 2018, and ordered:

B.      [Turner] was sentenced to 1,825 days in the I.D.O.C. with 730 days executed and the remaining 1,095 days suspended.

C.      [Turner]'s sentence is modified to 1,825 days in the I.D.O.C. with 480 days executed at the I.D.O.C. and 1,345 days suspended to probation with 545 days on electronically-monitored home detention. The Court's intention is for the [Turner]'s executed sentence to be reduced by 250 days.

Id. at 65. The effect of the sentence modification was Turner's early release from the DOC to begin serving 1,345 days on probation, with 545 days of the probation term to be served on home detention.

[7] Turner was released from the DOC on April 17, 2018, and his probation was scheduled to begin that day. That day, Turner paid a $75.00 probation transfer fee to transfer his probation to Shelby County, his home county. On May 21, 2018, Turner met with Brittany Berkley of the Decatur County probation

department. Berkley requested documentation of Turner's Social Security disability benefits. The Decatur County probation department was unable to transfer Turner's home detention sentence to Shelby County because Turner failed to supply the requisite paperwork for approval. The Decatur County probation department attempted to reach Turner but was unable to contact him after May 21, 2018. Turner did not report to probation in either county. Decatur County community corrections was also unable to contact Turner; as a result, Turner never began home detention.

[8] On June 15, 2018, the State filed a petition to revoke Turner's probation in which the State alleged: "[ ] Mr. Turner has not reported to Probation, he has failed to pay any fees and has failed to start/complete his 40 hours of Community Service work. Mr. Turner also has failed to begin his Home Detention[,] and Community Corrections has not been able to make contact with Mr. Turner." *Id.* at 66. The trial court issued a bench warrant for Turner's arrest that same day. On September 4, 2018, Turner was arrested on the outstanding warrant as well as for battery on a public safety officer due to an incident during his arrest.

[9] On February 20, 2019, the trial court conducted a probation revocation hearing. Decatur County probation officer Timothy Sutton testified to the foregoing facts. Sutton also testified that: (1) Sutton was assigned to serve as Turner's probation officer; (2) Sutton never met Turner because Turner failed to report for his initial probation appointment and never reported to probation; (3) Turner failed to supply necessary documentation to facilitate his desired

probation transfer to Shelby County; and (4) to Sutton's knowledge, neither the Decatur County probation department nor community corrections had any contact with Turner after May 21, 2018, as "attempts to make contact with [Turner] were unsuccessful." Tr. Vol. II p. 5.

[10] Turner testified that, during his contacts with the Decatur and Shelby County probation departments, "[he] called these people every day[,]" and "[he] kept getting the runaround[,]" and that the State filed the petition to revoke his probation while he was still awaiting his disability benefits paperwork. *Id*. at 9. In its order of February 21, 2019, the trial court revoked 795 days of Turner's 1,345-day previously suspended sentence and terminated the remainder of his probation; Turner was ordered to serve the 795 days in the DOC. Turner now appeals.

## Analysis

[11] Turner argues that the trial court abused its discretion when it revoked his probation for a technical violation and imposed a portion of his previously suspended sentence. Turner argues that he "had no intention to violate his probation and only ran afoul of a technical violation by not taking the initiative to check in with Shelby County [ ] earlier." Turner's Br. p. 12. The State counters that "[Turner] took advantage of the court's grace when he failed to contact both probation offices for weeks before a warrant was issued and [for][ ] three months afterwards before he was finally arrested." Appellee's Br. p. 7.

[12] Probation serves as an "alternative[ ] to commitment to the Department of Correction[,]" and is "[granted] at the sole discretion of the trial court." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Votra v. State*, 121 N.E.3d 1108, 1112 (Ind. Ct. App. 2019) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)).

[13] A trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35-38-2-3(a). Violation of a single condition of probation is sufficient to revoke probation. *Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." I.C. § 35-38-2-3(h)(3); *see Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017) (finding the trial court did not abuse its discretion in ordering probationer to serve his previously suspended sentence after the trial court revoked the probationer's probation).

[14] When reviewing the sufficiency of the evidence to support a probation revocation, we consider only the evidence most favorable to the judgment without reweighing the evidence or judging witnesses' credibility. *Figures v. State*, 920 N.E.2d 267, 272 (Ind. Ct. App. 2010). A probation revocation hearing is civil in nature, and the State's burden is to prove the alleged violations by a preponderance of the evidence. *Id.* "If there is substantial

evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation." *Id.* Our Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[15] Turner argues that the trial court erred by revoking his probation for his technical violation and, in support of his position, invokes *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016). *See* Turner's Br. p. 10. In *Johnson*, notwithstanding a mentally-challenged offender's seventeen-month stint on probation without committing a known violation, the trial court revoked the offender's community corrections placement upon a finding that the offender strayed beyond certain boundaries[2] and deviated by approximately three hours from the prescribed schedule for an authorized errand.

[16] In reversing the trial court's judgment, we found that the evidence "supported the trial court's finding that the offender violated the term of his community corrections placement that he [should] not leave his apartment and its decision to revoke the placement"; however, we also found:

---

[2] Johnson strayed from the interior living area of his apartment, but he did not leave his apartment building.

. . . under the circumstances reflected in the record, including the level of Johnson's functioning and his resources, his previous successful placement on work release, the nature of the violation, and the severity of the court's sentence, [that] the trial court abused its discretion in finding that Johnson's sentence warranted serving the entirety of the remaining portion of his executed sentence in the DOC.

*Id*. at 1231.  In *Johnson*, we expressed distaste for the imposition of the entirety of an offender's previously suspended sentence for a minor, technical violation of the conditions of probation.  To that end, *Johnson* is a very narrow holding and is inapplicable to the facts of this case.

[17]    The record here supports the trial court's finding, which Turner does not deny, that Turner failed to report to probation.  Turner's violation is not comparable to what we deemed to be minor, technical violations in *Johnson*.  In *Johnson*, the offender committed violations as he attempted to comply with the rules of his probation, *i.e.*, leaving the confines of his apartment, but not leaving his apartment building, and leaving his apartment three hours early for an authorized errand.  As the State argues, Turner displayed a lack of interest "in complying with the simplest probation term—to report to his probation officer[.]"  *See* Appellee's Br. p. 8.  Turner never reported for probation, never met or even tried to contact his probation officer, and never made contact with community corrections.  Coupled with the knowledge that this was not Turner's first time on probation or home detention, we cannot find that Turner's failure to report to both probation and community corrections was a minor, technical violation.

[18]     To the extent that Turner claims that he is not to blame for his failure to report to probation, we note that the trial court weighed his testimony and that of probation officer Sutton and deemed Sutton to be more "credible." *See* Tr. Vol. II p. 13. Our standard of review precludes us from reweighing the evidence or re-judging witnesses' credibility. *See Figures*, 920 N.E.2d at 272. The trial court's revocation of Turner's probation is supported by substantial evidence.

[19]     Moreover, unlike the trial court in *Johnson*, which ordered Johnson to serve the entirety of his previously suspended sentence as a probation revocation sanction, the trial court here ordered Turner to serve only a 795-day portion of his 1,345-day-previously-suspended sentence. *See* Tr. Vol. II p. 16. This is not unduly harsh, given that—as Turner acknowledges—the trial court initially extended considerable grace to Turner in "releas[ing] him from incarceration early, instead of reducing his home detention time," as Turner requested in his request for sentence modification. *See* I.C. § 35-38-2-3(h)(3) (Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing."); *see also* Turner's Br. p. 7. Based on the foregoing, we find no abuse of the trial court's discretion.

## Conclusion

[20]     The trial court did not abuse its discretion when it revoked Turner's probation and ordered him to serve 795 days of his previously suspended 1,345-day

sentence after Turner failed to report to probation and to community corrections. We affirm.

[21] Affirmed.

Brown, J., and Altice, J., concur.