**Marsha PITMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 85A05–0010–PC–419.

Court of Appeals of Indiana.

May 3, 2001.

Transfer Denied September 6, 2001.

Alan J. Zimmerman, Wabash, Indiana, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Defendant–Appellant Marsha Pitman (Pitman) appeals the revocation of her probation.

We affirm.

Pitman raises five issues which we consolidate and restate as:

1. Whether there was sufficient evidence to support the revocation of Pitman's probation.

2. Whether the trial court erred by admitting into evidence certified documents from a court file.

3. Whether Pitman's constitutional right against self-incrimination was violated by the State's questions regarding her subsequent arrest.

In 1999, Pitman pleaded guilty to operating a vehicle while intoxicated and was placed on probation. The terms of Pitman's probation stated that she was not to be charged with any new criminal offense based upon probable cause and that she was not to possess or consume alcohol. During Pitman's probationary period, she was arrested for battery and was intoxicated at the time of her arrest. The State then filed a petition to revoke her probation in the instant case. Following a hearing, the trial court revoked Pitman's probation, and this appeal ensued.

 Pitman first contends that the evidence presented by the State was insufficient to sustain the revocation of her probation. A probation revocation hearing is in the nature of a civil proceeding. As such, the alleged violation need be proven only by a preponderance of the evidence.

*Wilson v. State,* 708 N.E.2d 32, 34 (Ind.Ct. App.1999). Moreover, violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency questions, we do not reweigh the evidence or judge the credibility of witnesses when reviewing a probation revocation. *Id.* We look only to the evidence that supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate. *Williams v. State,* 695 N.E.2d 1017, 1018 (Ind.Ct.App.1998).

 Ind. Evidence Rule 101(c)(2) provides that the Indiana Rules of Evidence do not apply in probation proceedings. Courts of this state follow the general rule that, with regard to probation proceedings, they may consider any relevant evidence bearing some substantial indicia of reliability, including reliable hearsay. *Cox v. State,* 706 N.E.2d 547, 551 (Ind.1999), *reh'g denied.* Here, the State presented evidence that Pitman was arrested for and charged with battery following a finding of probable cause. This evidence was in the form of certified copies of the court docket, police report and charging information. These documents also provided information indicating that Pitman was intoxicated at the time of the battery and that she admitted consuming alcohol. The State's use of certified copies of the court docket, police report and charging information regarding Pitman's new charge and intoxication are sufficient to support the revocation of Pitman's probation. The information is obviously relevant and certification of the documents by the court provides substantial indicia of their reliability.

In her brief, Pitman cites *Gleason v. State,* 634 N.E.2d 67, 68 (Ind.Ct.App.1994)

for the proposition that being arrested for a crime is insufficient to revoke a defendant's probation; rather, revocation requires proof that the defendant engaged in the alleged criminal conduct or proof of the conviction thereof. Pitman argues that in her case the State neither presented proof that she committed a battery nor proof that she had been convicted of a battery. However, Pitman fails to further note that if the trial court, after a hearing, finds that the arrest was reasonable and there is probable cause to believe the defendant violated a criminal law, revocation will be sustained. *Brooks v. State*, 692 N.E.2d 951, 953 (Ind.Ct.App.1998), *reh'g denied, trans. denied*, 706 N.E.2d 166 (1998). The court had before it a certified copy of the court docket which shows a finding of probable cause by the trial court handling Pitman's new charge, as well as a copy of the police report regarding the underlying incident. Additionally, the trial court involved in the present case was free to view the certified court documents, including the finding of probable cause, and determine for itself that there is probable cause to believe Pitman committed a battery. Thus, although the court need find only one violation to support a probation revocation, this court found two violations and properly revoked Pitman's probation based upon her new charge of battery supported by probable cause and her consumption of alcohol.

Next, Pitman asserts that the trial court erred by admitting into evidence the certified copies of documents from the court file regarding her new charge. Specifically, she claims that the documents were hearsay and that admission of these documents violated her constitutional right to confront and cross-examine witnesses.

■ As we stated above, the rules of evidence do not apply in probation proceedings. Evid.R. 101(c)(2). Therefore, the court documents, some of which might be considered hearsay in another proceeding, were properly admitted as relevant evidence of Pitman's violation of her probation in this proceeding. However, our discussion does not end here.

■ Pitman further argues that the admission of these documents violates her constitutional right to confront and cross-examine witnesses because she could not cross-examine the documents or, more appropriately, the documents' author. The crux of Pitman's argument is that the State introduced, and the court admitted, the police report regarding the new charge of battery, but the State did not call the investigating officer as a witness. The police report indicated that Pitman appeared intoxicated at the time of the occurrence and that Pitman admitted to drinking five or six beers. Pitman claims that her constitutional right was impeded because she was unable to cross-examine the police officer in an effort to refute this information.

■ As discussed previously, all of the documents presented by the State were properly admitted at Pitman's revocation hearing based upon the inapplicability of the rules of evidence in probation proceedings as set forth in Evid.R. 101(c)(2). We further note for our discussion that the court docket and the charging information are items of public record which, pursuant to Ind. Evidence Rule 803(8), would be admissible as exceptions to the hearsay rule at a proceeding where the rules of evidence are applicable. The remaining document, the police report, would not generally be admissible at proceedings other than those where the rules of evidence are not applicable. *See* Evid.R. 101(c)(2) and Evid.R. 803(8) (stating that police reports are specifically excluded from the hearsay exception regarding public records). Therefore, assuming,

without deciding, that the admission of the police report was erroneous, such error is not cause for reversal because Pitman's probation could have been revoked on the mere fact that she was charged with a new offense based upon probable cause in violation of her probation agreement, and this evidence was contained in the properly admitted certified copy of the court docket. *See Smith v. State,* 721 N.E.2d 213, 219 (Ind.1999) (noting that violations of the right to cross-examine are subject to harmless error analysis and that in determining whether such error was harmless, courts should consider factors such as the strength of the prosecution's case, the importance of the witness' testimony, whether the testimony was corroborated, the cross-examination that did occur, and whether the witness' testimony was repetitive); *Brooks,* 692 N.E.2d at 953 (noting that proof of any one violation is sufficient to revoke a defendant's probation).

Finally, Pitman alleges that her constitutional right against self-incrimination was violated by the State's questions regarding her subsequent arrest. The Fifth Amendment to the United States Constitution states that "no person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. It has long been held that the privilege against self-incrimination applies not only to a defendant in a criminal trial but also applies to parties in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate them in future criminal proceedings. *State v. Cass,* 635 N.E.2d 225, 226 (Ind.Ct.App.1994), *trans. denied.* The extent of the privilege, however, depends in part upon the type of proceeding in which it is claimed. *Id.* For example, a probationer is not entitled to the Fifth Amendment right against self-incrimination to the same extent as is a defendant at a criminal

trial; rather, a probationer is protected by the Fifth Amendment from answering any questions where those answers could be used against him or her in any subsequent criminal proceedings. *Id.* at 227. More specifically, while a probationer may invoke her Fifth Amendment privilege against self-incrimination with regard to any questions which may incriminate her in a subsequent criminal prosecution, she is not entitled to invoke the privilege with regard to basic identifying information and any disclosures which are necessary to effectively monitor her probation. *Id.* at 228.

In the present case, following the examination of Pitman as to her name, address, date of birth, social security number and conviction in the case at bar (i.e., basic identifying information), Pitman was asked these questions by the State:

Q: Uh, drawing your attention to the early morning hours of February 9th, 2000, uh, I believe you were arrested by a law enforcement agency in Grant County, is that correct?

A: Yes, sir.

* * * * * * * * * * * *

Q: Do you recall the Grant County Prosecutor's Office bringing a criminal charge against you in Grant County?

A: Yes.

Q: And I believe that the Grant Superior Courtroom III found probable cause on the offense of Battery, as a Class A Misdemeanor on February 14, 2000, is that your understanding?

A: Yes, sir.

(R. 116). The trial court ordered Pitman to answer these questions over her counsel's objections based upon her Fifth Amendment right. Pitman is correct that these questions elicit answers beyond general identifying information. However, Pitman was in no way incriminating her-

self in a subsequent criminal prosecution by answering these questions. In other words, the information was not of an incriminating nature because it reveals nothing about Pitman's guilt or innocence of the new charge. Moreover, the information she provided in her answers was already before the court in the court documents that were properly admitted into evidence.

Based upon the foregoing, we conclude that there was sufficient evidence to support the revocation of Pitman's probation, that the trial court properly admitted certified copies of documents into evidence and did so without violating Pitman's constitutional right to confront and cross-examine witnesses, and that Pitman's constitutional right against self-incrimination was not violated by the State's questioning.

Affirmed.

RILEY, and BARNES, JJ., concur.