**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 19 2014, 6:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM BYER, JR.**
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MEREDITH J. ROWLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1307-CR-370 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1106-FD-1067

**March 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Meredith J. Rowley was placed in home detention after she violated her probation. Thereafter, Rowley was arrested and charged with possession of a narcotic drug and possession of paraphernalia after police conducted a traffic stop of a vehicle in which she was a passenger and discovered heroin and a spoon and needle near her seat. The State filed a petition to revoke home detention, alleging that Rowley failed to report to the home detention office as directed and had been arrested for possession of a narcotic drug and possession of paraphernalia. At the hearing on the State's petition, Rowley objected to the evidence pertaining to the traffic stop as the product of an unconstitutional search and seizure, which the trial court denied. The trial court determined that the State had proven that Rowley failed to report to the home detention office as directed and had possessed paraphernalia. The trial court revoked her home detention placement and sentenced her to the Indiana Department of Correction ("DOC") for the remainder of her term.

Rowley appeals the revocation of her home detention, arguing that the evidence relating to her arrest was inadmissible because the heroin and spoon and needle were obtained as a result of an unconstitutional search and seizure and in a particularly offensive manner. She also argues that because this evidence was inadmissible, the State failed to produce sufficient evidence that she possessed paraphernalia. We need not determine whether the paraphernalia was unconstitutionally seized because such evidence will be excluded in a home detention revocation proceeding only if it was seized as part of a continuing plan of police harassment (which Rowley does not assert) or in a particularly

2

offensive manner.  We conclude that the evidence leading to her arrest was not obtained in a particularly offensive manner and therefore was properly admitted.  We also conclude that the evidence was sufficient to establish that she failed to report as required and possessed paraphernalia.  Accordingly, we affirm the revocation of her home detention.

**Facts and Procedural History**

In October 2011, Rowley pled guilty to class D felony possession of a controlled substance and class B misdemeanor public intoxication. The trial court sentenced her to an aggregate term of eighteen months, with all but two days suspended to probation.

In October 2012, Rowley admitted to violating the terms of her probation by associating with a convicted felon.  The trial court revoked her suspended sentence, but granted her the privilege of serving the remainder of her sentence in home detention pursuant to a community corrections program.[1]  The trial court ordered Rowley to report to the office of home detention for orientation on October 23, 2012, and she did.  The home detention office instructed her to return on November 2, 2012, at 9:00 a.m. to get "hooked up on home

---

[1] The record is unclear as to whether Rowley was placed in home detention as a condition of probation or as an alternative commitment to the DOC.  The State treats it as a condition of probation, but our reading of the trial court's orders leads us to the conclusion that it was an alternative commitment to the DOC.  For purposes of this opinion, the difference is immaterial because for the issues raised we may treat the home detention revocation proceedings the same as we would probation revocation proceedings.

3

detention." Appellant's App. at 41. Rowley did not arrive for the hookup until 3:55 p.m., and was never hooked up for home detention as required.[2]

On November 6, 2012, Indianapolis Police Officer Jarrod Hidlebaugh initiated a traffic stop of a vehicle in which Rowley was a passenger in the front seat. Officer Hidlebaugh stopped the vehicle for failing to signal 200 feet in advance of a turn. Officer Hidlebaugh observed Rowley dipping her body to the left as if she were trying to put something between her seat and the center console or underneath her seat. He also observed that the three occupants in the car were very nervous and kept repeating themselves. Because he was concerned that either a weapon or drugs were hidden in the car, Officer Hidlebaugh requested backup and a canine unit. He then returned to his vehicle to run the identities provided by the vehicle's occupants through the BMV system. The canine unit arrived within five minutes. The dog performed a narcotics sniff of the vehicle and alerted to the presence of drugs.

Officer Hidlebaugh found a purple Crown Royal bag between the front passenger seat and the center console, which contained a capped hypodermic needle, a spoon that was burnt on the bottom and had apparent narcotic residue on top, and numerous pieces of cotton.

---

[2] The record is unclear as to why Rowley never got hooked up. The State's petition for termination of home detention alleges that when she came to the office at 3:55 p.m., she stated that she did not have a telephone or the required fees and that she was told to return on November 5, 2012, and failed to do so. At the revocation hearing, probation officer Patrice Dixon testified that she did not know what happened at the home detention office other than that Rowley arrived late and never got hooked up. Rowley testified that when she arrived at the home detention office, she was informed that there "wasn't enough boxes" and "to come back next week." Tr. at 65. Rowley testified that if they had told her to return on November 5, 2012, she would have. It appears that the reason she did not return the "next week" was that she was arrested and jailed on November 6, 2012.

4

Officer Hidlebaugh knew from his training that these were items used for injecting heroin. He also discovered a capped hypodermic needle under the driver's seat and a small piece of foil behind the shifter, which contained an off-white, granulated substance that Officer Hidlebaugh believed was heroin. Rowley and the driver were arrested and charged with possession of narcotics and possession of paraphernalia.

The State filed a petition for termination of home detention, alleging that (1) Rowley failed to timely report for her home detention hookup and (2) she had been arrested for illegal possession of a narcotic and possession of drug paraphernalia. At the evidentiary hearing on the State's petition, Officer Hidlebaugh testified about the traffic stop leading to Rowley's arrest. Rowley moved to suppress that evidence on the ground that it was obtained through an unconstitutional search and seizure, which the trial court denied. At the conclusion of the hearing, the trial court found that Rowley violated the conditions of home detention by failing to report for home detention hookup as required and possessing paraphernalia, namely, the spoon and the needle found in the Crown Royal bag. The trial court revoked Rowley's home detention placement and ordered her to serve the remainder of her sentence with the DOC. She appeals.

**Discussion and Decision**

**Section 1 - Admission of Evidence**

Rowley's first contention is that the trial court improperly admitted evidence of the November 6, 2012, traffic stop because the evidence was obtained through an unconstitutional search and seizure. We begin by observing that

5

[f]or purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." [*Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999).]

*Monroe v. State*, 899 N.E.2d 688, 690 (Ind. Ct. App. 2009) (citations omitted); *see also*

*Rodriguez v. State*, 714 N.E.2d 667, 670 (Ind. Ct. App. 1999) (stating that placement in a

home detention program is a matter of grace and a conditional liberty that is a favor, not a

right), *trans. denied*.

A probation revocation hearing is in the nature of a civil action, and therefore does not

equate with an adversarial criminal proceeding. *Grubb v. State*, 734 N.E.2d 589, 591 (Ind.

Ct. App. 2000), *trans. denied*.

As such, a probationer who is faced with a petition to revoke his probation, although he must be given "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body," is not entitled to the full panoply of rights that he enjoyed prior to his conviction.

*Id.* (quoting *Isaac v. State*, 605 N.E.2d 144, 147 (Ind. 1992)). The due process requirements

for probation revocations are also required when the trial court revokes a defendant's

placement in a community corrections program. *Cox*, 706 N.E.2d at 549.

In probation revocation hearings, the exclusionary rule is not fully applicable. *Pa. Bd.*

*of Prob. & Parole v. Scott*, 524 U.S. 357, 365-69 (1998) (holding that exclusionary rule did

not bar introduction of evidence seized in violation of parolee's Fourth Amendment rights at

6

parole revocation hearing); *Henderson v. State*, 544 N.E.2d 507, 512-13 (Ind. 1989) (observing that exclusionary rule is not fully applicable in probation revocation hearings); *Grubb*, 734 N.E.2d at 592-93 (holding that exclusionary rule did not bar introduction of statements obtained in violation of probationer's Fifth Amendment rights at probation revocation proceeding); *Plue v. State*, 721 N.E.2d 308, 310-11 (Ind. Ct. App. 1999) (holding that exclusionary rule did not bar evidence obtained as a result of illegal search and seizure at probation revocation proceeding); *Dulin v. State*, 169 Ind. App. 211, 219-20, 346 N.E.2d 746, 752 (1976) (holding that exclusionary rule is not fully applicable in probation revocation hearings).

In a probation revocation hearing, illegally seized evidence will be excluded only if it was seized as part of a continuing plan of police harassment or in a particularly offensive manner. *Henderson*, 544 N.E.2d at 513; *Plue*, 721 N.E.2d at 310. *But cf. Polk v. State*, 739 N.E.2d 666, 669 (Ind. Ct. App. 2000) (applying exclusionary rule to probation revocation proceeding without concluding that evidence was seized as part of a continuing plan of police harassment or in a particularly offensive manner).

Rowley asserts that the traffic stop was conducted in a particularly offensive manner, in that Officer Hidlebaugh's real motive for initiating the traffic stop, asking the occupants to exit the vehicle, running record checks for warrants on all the occupants,[3] and requesting a dog sniff was that he believed that "the geographic area was high in narcotics, warrants,

---

[3] In the statement of the facts in her appellant's brief, Rowley does not state that Officer Hidlebaugh asked the occupants to exit the vehicle or that he ran record checks for warrants on all the occupants. We recommend to Rowley's counsel that he include all the facts relevant to his argument in the statement of the facts with citations to the record.

7

drugs, and crimes." Appellant's Reply Br. at 2. Our review of the record shows that Officer Hidlebaugh testified that he did work in a high-crime area, but that he made the stop because "they failed to signal within two hundred (200) feet of their turn," that during his career he had made "hundreds" of stops for failing to signal a turn, and that he commonly asks all occupants in a vehicle for identification. Tr. at 53-54.[4] He also testified that he observed Rowley making furtive movements as if trying to conceal something, that the vehicle's occupants acted very nervous and kept repeating themselves, and that he believed a hidden weapon or drugs could be in the car. We are unable to conclude that Officer Hidlebaugh's conduct related to the traffic stop was particularly offensive, such that the evidence from the traffic stop was rendered inadmissible at a probation revocation proceeding. Accordingly, we conclude that the trial court properly admitted the evidence pertaining to the traffic stop.

### Section 2 - Sufficiency of the Evidence

Rowley also challenges the sufficiency of the evidence supporting the trial court's determination that she violated the terms of her home detention. In a probation revocation proceeding, the State must prove a violation of probation by a preponderance of the evidence. *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence in a probation revocation, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence favorable to the judgment and any reasonable inferences flowing therefrom. *Id.* "If there is substantial evidence of probative

---

[4] We direct Rowley's attorney to Indiana Appellate Rule 50(F), which provides that parties should not reproduce any portion of the transcript in the appendix.

value to support the trial court's decision that the probationer committed any violation, revocation of probation is appropriate." *Id.* "[V]iolation of a single condition of probation is sufficient to revoke probation." *Id.*

As best we can discern, Rowley's argument seems to be that the evidence shows that Officer Hidlebaugh lacked probable cause to arrest her and that her nonreporting violations were the result of her allegedly unconstitutional arrest. Rowley's argument is merely a request to reweigh the evidence and judge witness credibility, which we must decline. We conclude that the evidence was sufficient to prove that Rowley did not report as directed to obtain her home detention hook up and that she illegally possessed paraphernalia.[5] Therefore, we affirm the revocation of her home detention.

Affirmed.

BAKER, J., and NAJAM, J., concur.

---

[5] To the extent that Rowley argues that the trial court abused its discretion in ordering her to serve the remainder of her sentence, it appears to be based on her assertion that there was insufficient probable cause to support her arrest of possession of paraphernalia. Having concluded that the evidence was sufficient to prove that she possessed paraphernalia, we need not address this argument.