## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender's Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amber Kinsey, | November 29, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 10A01-1705-CR-1099 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, | The Honorable Andrew Adams, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 10C01-1310-FB-242 |

**Robb, Judge.**

# Case Summary and Issues

[1] Amber Kinsey appeals the revocation of her probation, raising two issues for our review: (1) whether the trial court abused its discretion in admitting evidence during the probation revocation hearing; and (2) whether Kinsey's due process rights were violated. Concluding the trial court did not abuse its discretion and any violation of Kinsey's due process rights is harmless error, we affirm the revocation of her probation.

# Facts and Procedural History

[2] In 2013, the State charged Kinsey with burglary, a Class B felony, and residential entry, two counts of theft, and auto theft, all Class D felonies. The State also alleged Kinsey to be an habitual offender. In 2015, Kinsey pleaded guilty to burglary and auto theft and the trial court sentenced Kinsey to twelve years in the Indiana Department of Correction ("DOC") with six of those years suspended to probation. Several months later, Kinsey sought modification of her sentence and the trial court ordered Kinsey to serve the remainder of her sentence in community corrections.

[3] In April of 2016, the State filed a petition to revoke Kinsey's placement in community corrections. The petition alleged Kinsey tested positive for opiates and committed the criminal offenses of failure to return to lawful detention, possession of methamphetamine, and trafficking with an inmate. In May of 2016, Kinsey pleaded guilty to failure to return to lawful detention and the trial

court sentenced Kinsey to one year executed in the DOC. The trial court ordered Kinsey to execute her time in the DOC before returning to probation in this case.

[4] In October of 2016, Kinsey was released to probation in this case and placed in the Successful Living Program. On December 22, 2016, Kinsey left the program. The director of the Successful Living Program then notified the trial court and Kinsey's probation officer, Jennifer Walker, that Kinsey failed a drug test and had left the program.

[5] On January 6, 2017, the State filed a petition to revoke Kinsey's probation alleging she failed to successfully complete the program and tested positive for opiates. In March of 2017, the State filed new charges against Kinsey for possession of a controlled substance and amended its petition to revoke her probation alleging she had committed a new criminal offense.

[6] At the probation revocation hearing, Walker testified, without objection, that Kinsey failed a drug test and left the Successful Living Program. The State also submitted into evidence a certified copy of the new charging information alleging Kinsey possessed a controlled substance. The trial court admitted the charging information into evidence but struck the probable cause affidavit from the record based on Kinsey's hearsay objection. The trial court also informed the parties the director of the Successful Living Program contacted the court to notify it Kinsey had left the program. Kinsey then testified and admitted to leaving the program without notifying her probation officer.

[7] The trial court revoked Kinsey's probation and ordered her to serve the previously suspended six years of her sentence in the DOC. Kinsey now appeals.

# Discussion and Decision

## I. Admission of Evidence

[8] Kinsey alleges the trial court erred in admitting both the certified copy of the charging information and Walker's testimony stating the director of the Successful Living Program informed her Kinsey failed a drug test and left the program.

[9] The Indiana Rules of Evidence, including those governing hearsay, do not apply in probation revocation proceedings. Ind. Evidence Rule 101(d)(2). However, the trial court's decision to admit or exclude evidence in a probation revocation hearing is reviewed on appeal for an abuse of discretion. *Figures v. State*, 920 N.E.2d 267, 271 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[10] As to Kinsey's argument concerning Walker's testimony, we first note Kinsey did not object at the revocation hearing. *See* Transcript, Volume I at 4, 7. As a result of Kinsey's failure to object, she has waived a challenge to the admission of this evidence on appeal. *McQueen v. State*, 862 N.E.2d 1237, 1241 (Ind. Ct. App. 2007). Waiver notwithstanding, any error in the admission of this

testimony is harmless error because Kinsey admitted to the trial court that she left the program without completing it or contacting her probation officer. *See* Tr., Vol. I at 12-13. Kinsey's admission is sufficient for the trial court to properly revoke her probation. *See Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007) (explaining a single violation is sufficient to revoke probation), *trans. denied*.

[11] Kinsey also alleges the trial court erred in admitting a certified copy of the charging information into evidence. As noted above, the Indiana Rules of Evidence do not apply in probation revocation hearings. However, any hearsay admitted into evidence must be "substantial[ly] trustworth[y.]" *Reyes v. State*, 868 N.E.2d 438, 441 (Ind. 2007). In *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*, the State introduced certified copies of the court docket, police report, and charging information to establish that the defendant had violated the terms of her probation by being charged with new offenses. This court determined that the State's "use of certified copies of the [documents] regarding [the defendant's] new charge [was] sufficient to support the revocation of [the defendant's] probation." *Id.* This court concluded the information was "obviously relevant and certification of the documents by the court provides substantial indicia of their reliability." *Id.* Like *Pitman*, we find

the introduction of a certified copy of the charging information is not an abuse of discretion.[1]

## II. Due Process

[12] Kinsey also alleges her due process rights were violated when the director of the Successful Living Program notified the trial court that Kinsey had been discharged from the program. *See Terrell v. State*, 886 N.E.2d 98, 100-01 (Ind. Ct. App. 2008) (noting minimum due process requirements for probation revocation hearings include the disclosure of evidence, the opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body), *trans. denied*. Kinsey alleges this notification was an ex parte communication warranting a new hearing. *See* Brief of Appellant at 11.

[13] Even assuming this constituted an error on the part of the trial court, any error was harmless. *See Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005) (holding that error violating due process rights of defendant is subject to

---

[1] The trial court's exclusion of the probable cause affidavit is not at issue in this case. However, we note that without Kinsey's admission that she left the program, Walker's testimony, or the probable cause affidavit, the certified charging information alone is likely insufficient to support the revocation of probation. The charging information is merely an allegation that Kinsey has committed prohibited conduct, not evidence of that conduct. By the terms of Kinsey's probation, she agreed not to commit a new crime. A charging information is not evidence she committed a new crime. *See Figures v. State*, 920 N.E.2d 267, 272-73 (Ind. Ct. App. 2010) (noting without the probable cause affidavit, the State failed to meet its burden to show the defendant committed a new crime). Further, we note that pursuant to Indiana Rule of Evidence 201, the trial court is permitted to take judicial notice of the records of any Indiana court. *See Christie v. State*, 939 N.E.2d 691, 693-94 (Ind. Ct. App. 2011) (holding the trial court did not err in taking judicial notice of another court's records showing defendant's new conviction).

harmless error analysis and affirming revocation of probation), *trans. denied*. The information received by the trial court—that Kinsey had left and been discharged from the program—was testified to without objection by Walker. Further, as we have noted, Kinsey admitted to the trial court she left the program early without authorization.

# Conclusion

[14] The trial court did not abuse its discretion in admitting evidence and any violation of Kinsey's due process rights is harmless error. Accordingly, we affirm the revocation of her probation.

[15] Affirmed.

Riley, J., and Pyle, J., concur.