## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Clifford M. Davenport
Anderson, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Samuel Lawrence Morgan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 26, 2018

Court of Appeals Case No.
48A05-1712-CR-2862

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Judge

Trial Court Cause No.
48C03-1504-FC-656

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Samuel Lawrence Morgan (Morgan), appeals the trial court's revocation of his probation and imposition of his previously suspended sentence.

We affirm.

# ISSUES

Morgan presents three issues on appeal, which we consolidate and restate as:

(1) Whether the State presented sufficient evidence to establish Morgan's violation of probation;

(2) Whether the trial court violated Morgan's due process rights; and

(3) Whether the trial court abused its discretion in revoking Morgan's suspended sentence.

# FACTS AND PROCEDURAL HISTORY

On April 30, 2015, the State filed an Information, charging Morgan with nonsupport of a dependent child, a Class C felony; and nonsupport of a dependent child, as a Level 6 felony. On September 14, 2015, Morgan entered into a plea agreement with the State wherein Morgan pled guilty to both charges in exchange for the State's recommendation of a suspended sentence. During the sentencing hearing, the trial court sentenced Morgan to six years on the Class C felony and one year on the Level 6 felony, with both sentences to be

served concurrently for an aggregate sentence of six years to be suspended to probation.

[5] On April 21, 2016, the Madison County Probation Office filed a notice of probation violation, alleging that Morgan had (1) failed to obtain a substance abuse evaluation at a treatment facility and comply with the treatment recommendations; (2) failed to pay his probation fees; and (3) failed to pay administrative fees. During an evidentiary hearing, Morgan admitted to the allegations and the trial court placed him back on probation. On November 23, 2016, the State filed a second notice of probation violation, asserting that Morgan had violated his probation by (1) failing to pay probation fees; (2) failing to pay administrative fees; and (3) failing to abstain from the use of alcohol or drugs. At the evidentiary hearing, Morgan admitted to the violations as charged and the trial court placed him back on probation.

[6] On November 6, 2017, the Probation Department filed a third notice of violation in which it was alleged that Morgan had violation his probation by (1) taking steps towards the commission of the crime of possession of marijuana; (2) failing to provide truthful information to the Probation Department; (3) failing to abstain from the use of illicit drugs; and (4) failing to pay child support. During the evidentiary hearing held on November 20, 2017, Morgan's supervisor at the Probation Department, Janelle Johnson (Johnson), testified that Morgan tested positive for marijuana and "in order to test positive at some point, you have to be in possession." (Transcript Vol. II, p. 81). After the screen can back as positive, Johnson clarified that the sample was sent to

Witham Laboratories for further testing. The Witham Laboratories' confirmatory test showed Morgan was positive for THC. Because the presumptive test was based on a small sample of urine, Johnson allowed Morgan to submit a second screen. However, the results of the second screen were "very dilute." (Tr. Vol. II, p. 83). During the hearing, Morgan denied using marijuana, but acknowledged that he had not been meeting his child support obligations. At the close of the evidence, the trial court concluded that Morgan had violated the terms of his probation by possessing marijuana, failing to abstain from the use of illicit drugs, and failing to pay child support. Accordingly, the trial court revoked Morgan's probation and ordered his sentence of six years executed.

[7] Morgan now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Morgan contends that the trial court abused its discretion by finding him in violation of his probation. Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if conditions are violated. *Id.* Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. *Id.* If this discretion were not afforded to the trial court and sentences were scrutinized too severely on appeal, trial courts might be less inclined to order

probation to future defendants. *Id.* Accordingly, a trial court's sentencing decision for probation violations are reviewable using the abuse of discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

## I. *Sufficiency of the Evidence*

[9] Morgan contends that the State failed to present sufficient evidence to support a violation of probation. A probation revocation hearing is in the nature of a civil proceeding. *Pitman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*. As such, the alleged violation need be proven only by a preponderance of the evidence. *Id.* Moreover, violation of a single condition of probation is sufficient to revoke probation. *Id.*

[10] Specifically, Morgan focuses on the testimony of Johnson indicating that Morgan, after screening positive for marijuana, must have taken steps towards the commission of a new crime because to test positive "you have to be in possession." (Tr. Vol. II, p. 81). Johnson explained that while she did not personally observe the screen, she sent the sample to Witham Laboratories, where it was confirmed that the test was positive for THC. The urine screen and Witham Laboratories documents were not entered into evidence, nor did the laboratory employee responsible for the testing testify by live testimony or affidavit.

[11] Because the Rules of Evidence do not apply in probation revocation hearings, the general rule against hearsay is inapplicable. *Figures v. State*, 920 N.E.2d 267,

271 (Ind. Ct. App. 2010). However, due process principles applicable in probation revocation hearings afford the probationer "the right to confront and cross-examine adverse witnesses." *Id*. Yet because "[t]he due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution, the right to confrontation and cross-examination in probation revocation hearings is narrower than in a criminal trial." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). For these reasons, the general rule is that hearsay evidence may be admitted without violating a probationer's right to confrontation if the trial court finds the hearsay is "substantially trustworthy." *Id*. at 442. Ideally, the trial court should explain on the record why the hearsay is substantially trustworthy, or sufficiently "reliable" to be admissible. *Id*.

[12] "The absence of an affidavit from a toxicologist or laboratory employee does not render drug test results inadmissible in probation revocation proceedings where there is otherwise a substantial guarantee of trustworthiness." *Bass v. State*, 974 N.E.2d 482, 487 (Ind. Ct. App. 2012). Here, Morgan vigorously cross-examined Johnson on her statements that "in order to test positive at some point, you have to be in possession." (Transcript Vol. II, p. 81). He also questioned her on the procedure to perform screens and their results. Thus, the substantial guarantee of trustworthiness was provided by a probation officer's testimony who testified to the method of testing and the laboratory report generated by Witham Laboratories and who was subjected to cross-

examination. Accordingly, we cannot say that Morgan's due process rights were violated.

[13] Nevertheless, even if we were to find error in the admission of Johnson's hearsay statements, any error would not be cause for reversal because Morgan's probation could have been revoked on the more fact that he admitted to failing to pay his child support as ordered. *See Pitman*, 749 N.E.2d at 559 (noting that probation can be revoked based on a single violation).

## II. *Due Process Violation*

[14] Next, Morgan claims that his due process rights were violated because the trial court's order was not sufficiently precise in enumerating the evidence it relied on to revoke his probation. Due process requires a written statement by the fact finder regarding the evidence relied upon and the reasons for revoking probation. *Hubbard v. State*, 683 N.E.2d 618, 620 (Ind. Ct. App. 1997). This requirement is a procedural device aimed at promoting accurate fact finding and ensuring the accurate review of revocation decisions. *Id*. at 620-21. We have held that placing the transcript of the evidentiary hearing in the record, although not the preferred way of fulfilling the writing requirement, is sufficient if it contains a clear statement of the trial court's reasons for revoking probation. *Id*.

[15] Here, the trial court here did not issue a writing separate from the abstract of judgment elaborating on the specific evidence relied upon; rather, the evidence it relied upon in revoking Morgan's probation is contained in the transcript of

the trial court's evidentiary hearing. Accordingly, the trial court's abstract of judgment provides the reasons for, and the hearing transcript provides the evidence underlying, the trial court's revocation of Morgan's probation. Both documents provide an adequate basis for appellate review and, thus, are adequate to satisfy the separate writing requirement.

### III. *Imposition of Sentence*

[16] Relying on its previous two arguments, Morgan contends that "because the trial court lacked sufficient evidence to revoke [his] probation" and relied on improper hearsay, the "trial court cannot impose sanctions" on him. (Appellant's Br. p. 18). However, as we found that the trial court did not abuse its discretion in finding that Morgan violated his conditions of probation, we affirm the trial court's imposition of a sentence.

# CONCLUSION

[17] Based on the foregoing, we conclude that the trial court did not abuse its discretion in finding that Morgan violated the conditions of his probation and ordering him to serve his previously suspended sentence.

[18] Affirmed.

[19] Kirsch, J. and Vaidik, C.J. concur