# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2018, 10:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marietto V. Massillamany
Massillamany Jeter & Carson LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ann-Marie Coffin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 30, 2018

Court of Appeals Case No.
18A-CR-703

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1404-FC-2930

**Pyle, Judge.**

# Statement of the Case

Ann-Marie Coffin ("Coffin") appeals the trial court's order revoking her probation and ordering her to serve one year of her previously suspended two-year sentence. Finding sufficient evidence to support the revocation and no abuse of the trial court's discretion, we affirm the trial court's judgment.

We affirm.

# Issues

1.    Whether there is sufficient evidence to support the revocation of Coffin's probation.

2.    Whether the trial court abused its discretion in ordering Coffin to serve one year of her previously suspended two-year sentence.

# Facts

In December 2014, Coffin pled guilty to Class D felony theft. In exchange for her guilty plea, the State dismissed a Class C felony burglary charge. The trial court sentenced Coffin to two (2) years and sixteen (16) days. The trial court further awarded Coffin credit for sixteen days already served and suspended the two-year sentence to probation. Pursuant to the terms and conditions of her probation, Coffin agreed, among other things, to: (1) report to the probation department as directed; (2) abstain from the possession and consumption of

illegal drugs; (3) pay probation user fees; and (4) complete thirty hours of community service per year of probation.[1]

[4] In August 2015, the State filed a first amended petition to revoke Coffin's probation. The petition alleged that Coffin had testified positive for opiates in April 2015. Following a hearing, the trial court ordered Coffin to serve twenty days of her previously suspended sentence in the county jail. In August 2015, the State filed a second petition to revoke Coffin's probation, which the State later dismissed.

[5] In February 2017, the State filed a third petition to revoke Coffin's probation. The petition alleged that Coffin had failed to pay probation fees and to perform court-ordered community service. In September 2017, the State filed a fourth petition to revoke Coffin's probation. This petition alleged that Coffin had failed to appear for three scheduled probation appointments. In October 2017, the State filed a fifth petition to revoke Coffin's probation. This petition alleged that Coffin had reported fifty minutes late to a scheduled probation department meeting.

[6] In January 2018, following a hearing on the third, fourth, and fifth petitions to revoke Coffin's probation, the trial court ordered Coffin to serve her two-year suspended sentence on electronic home monitoring. Coffin was scheduled to

---

[1] After Coffin arrived thirty minutes late for a probation revocation hearing without a satisfactory excuse, the trial court added the following condition to Coffin's probation: "[Coffin] must arrive timely to all future court hearings and probation meetings." (App. 78).

attend a Community Corrections intake appointment on January 11, 2018 to set up her electronic home monitoring. When Coffin failed to attend this appointment, the State filed a sixth petition to revoke her probation.

[7] At a hearing on this sixth petition to revoke, Coffin admitted that she had known the date of the appointment and had failed to attend it. She explained that she had had medical issues but offered no evidence that she was in the hospital on the day of the appointment. Following the hearing, the trial court revoked Coffin's probation and ordered her to serve one year of her two-year suspended sentence in the Department of Correction. The trial court explained its reason as follows:

> [W]hat I've learned from the last four years of working with you is that you don't do anything that anybody wants you to do. You just do not have the capabilities to take on the responsibility of doing what anybody asks you to do. And because I am finding you incapable of taking on the responsibility of anything that I've asked you to do, I'm going to [] ask you to do the only thing that I know you can do, and that is sit in jail.

(Tr. 24). Coffin now appeals.

# Decision

[8] Coffin argues that there is insufficient evidence to support the revocation of her probation and that the trial court abused its discretion when it ordered her to serve one year of her previously suspended two-year sentence. We address each of her contentions in turn.

## 1. Probation Revocation

Coffin first argues that there is insufficient evidence to support the revocation of her probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v State*, 984 N.E.2d 614, 616 (Ind. 2013). A probation violation need be proven only by a preponderance of the evidence. *Pittman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*. Further, the violation of a single condition of probation is sufficient to revoke probation. *Id.*

Here, our review of the evidence reveals that the sixth petition to revoke Coffin's probation alleged that she had failed to attend a January 11 intake appointment with the Community Corrections program. Coffin testified at the revocation hearing that she had known the date of the appointment and had failed to attend it. This evidence is sufficient to support the revocation of her probation.

## 2. Order to Serve Part of Suspended Sentence

Coffin also argues that the trial court abused its discretion when it ordered her to serve one year of her previously suspended two-year sentence. Once a trial court has exercised its grace, it has considerable leeway in deciding how to proceed when the conditions of probation are violated. *Prewitt*, 878 N.E.2d at 188. If this discretion were not given to trial courts and sentences were scrutinized too

severely on appeal, trial courts might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before termination of the probationary period, the court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing. IND. CODE § 35-38-2-3.

[12] Here, Coffin argues that the trial court abused its discretion in ordering her to serve one year of her previously suspended two-year sentence. However, the trial court pointed out that it had learned from the past four years of working with Coffin that she did not "do anything that anybody want[ed] [her] to do." (Tr. 24). The trial court therefore ordered Coffin to do the only thing that it knew she could do, which was "sit in jail." (Tr. 24). The trial court's decision is amply supported by the record and not clearly against the logic and effect of the facts and circumstances before it. The trial court was well within its discretion when it ordered Coffin to serve one year of her previously suspended two-year sentence.

[13] Affirmed.

Najam, J., and Crone, J., concur.