## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2018, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone, IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique Quinn Brisker, *Appellant-Defendant,* | December 13, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1397 |
| | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark K. Dudley, Judge |
| | Trial Court Cause No. 48C06-1302-FB-353 |

**Pyle, Judge.**

# Statement of the Case

[1] Dominique Brisker ("Brisker") appeals the trial court's order revoking his probation and ordering him to serve his previously suspended four-year sentence. Finding no abuse of the trial court's discretion, we affirm the trial court's judgment.

[2] We affirm.

# Issues

1. Whether there is sufficient evidence to support the revocation of Brisker's probation.

2. Whether the trial court abused its discretion by ordering Brisker to serve his previously suspended sentence.

# Facts

[3] In November 2013, Brisker pled guilty to Class B felony unlawful possession of a firearm by a serious violent felon. The trial court sentenced him to ten (10) years with four (4) years to be served in the Department of Correction ("DOC"), two (2) years at the Madison County Work Release Center, and four (4) years suspended to probation. Pursuant to the terms and conditions of his probation, Brisker was ordered, among other things, to "not knowingly associate with any person who has been convicted of a felony, except for just cause[.]" (App. 74). He was also ordered to comply with certain additional special terms, including the following:

(A) Successful completion of work release.

(B) Within 60 days, defendant ordered to obtain a substance abuse evaluation at an accredited facility approved by the Probation Department with full compliance with recommendations including inpatient treatment, if suggested, and submit written proof of compliance to Probation Department;

(C) Defendant ordered to totally abstain from the use of alcoholic beverages and/or illicit drugs. On three (3) hours notice from the Probation Department, defendant ordered to submit to random urine and/or chemical screens, and be financially responsible for said tests;

(D) Defendant ordered to find and maintain employment of twenty-five (25) hours per week. Defendant shall provide written verification of compliance to the Probation Department. Defendant shall not change employment without prior written approval of the Probation Department. In the event the defendant becomes unemployed during period of probation, defendant to successfully participate in a job seeking skills program approved by the Court and/or Probation Department.

(App. 71-72).

In October 2016, the State filed a notice of violation of suspended sentence. After a hearing, the trial court found that Brisker had violated his work release when his whereabouts were unknown on two occasions; he had failed to meet his financial obligations; and he had failed to successfully complete work release. The trial court ordered Brisker to serve two months in the Madison County Detention Center and to return to work release thereafter.

In November 2017, the State filed a second notice of violation of suspended sentence. This notice read as follows:

(a) Not to violate the laws of Indiana or the U.S. and failure to behave well in society: On/about 11/01/17, you are alleged to have committed the following new criminal offense(s): Ct. 1: Unlawful Possession of a Firearm by a Serious Violent Felon, Level 4 Felony; and Ct II: Pointing a Firearm, Level 6 Felony, as filed in Madison County Circuit Court VI under Cause Number 48C06-1711-F4-002743;

(b) Failed to obtain a substance abuse evaluation at a treatment facility approved by probation within 30 days of sentencing/release, comply with treatment recommendations, and provide written verification of successful completion of said program to the probation department;

(c) Failed to maintain employment and/or verify employment to probation department; and

(d) On or about 11/01/17, the defendant failed to not knowingly associate with any person who has been convicted of a felony, to wit: Deonta Anderson and Malachi Carter.

(App. 129). A bench warrant was issued, and Brisker was arrested in Minnesota in December 2017.

[6] The trial court held an evidentiary hearing over three days. It found that Brisker had violated the terms of his probation when he failed to obtain a substance abuse evaluation and successfully complete the recommendations; failed to maintain employment or verify employment; and avoid associating with known felons.[1] The trial court then revoked Brisker's probation and

---

[1] The trial court determined that the State had not proven the allegation that Brisker engaged in new criminal activity by possessing a firearm and pointing a firearm at another person.

ordered him to serve his previously suspended four-year sentence. Brisker now appeals.

# Decision

[7] Brisker argues that: (1) there is insufficient evidence to support the revocation of his probation; and (2) the trial court abused its discretion when it ordered him to serve his previously suspended four-year sentence. We address each of his contentions in turn.

### 1. Probation Revocation

[8] Brisker's first contention is that there is insufficient evidence to support the trial court's finding that he violated a condition of probation by associating with known felons. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). A probation revocation hearing is civil in nature, and the alleged violation need be proven only by a preponderance of the evidence. *Pittman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied.* It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's probation violation determination for an abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.* Further, the

violation of a single condition of probation is sufficient to revoke probation. *Pittman*, 749 N.E.2d at 559.

[9] Here, Brisker challenges only one of his three probation violations. Specifically, he argues that the trial court abused its discretion by finding that he associated with felons. We need not review Brisker's challenge to one of his probation violations because the trial court found two other probation violations. As noted above, evidence of a single probation violation is sufficient to sustain a revocation of probation. *See Pittman,* 749 N.E.2d at 559 (noting that probation can be revoked based on a single violation); I.C. § 35-38-2-3(h) (authorizing the trial court to revoke a defendant's probation if it finds that the person has violated a condition of probation at any time before termination of the period). Because the trial court found that Brisker had violated three conditions of his probation, two of which are unchallenged by Brisker, we affirm the trial court's ultimate decision to revoke his probation.

## 2. Order to Serve Suspended Sentence

[10] Brisker also argues that the trial court abused its discretion when it ordered him to serve his previously suspended four-year sentence. Once a trial court has exercised its grace by ordering probation rather than incarceration, it should have considerable leeway in deciding how to proceed when the conditions of probation are violated. *Prewitt*, 878 N.E.2d at 188. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial courts might be less inclined to order probation. *Id*. Accordingly, a trial

court's sentencing decision for a probation violation is reviewable for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* After the trial court has determined that a probationer has violated probation, the trial court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

IND. CODE § 35-38-2-3(h).

[11] The record reveals that the trial court had ample basis for its decision to revoke all four years of Brisker's previously suspended sentence. Significantly, Brisker violated multiple conditions of his probation. Additionally, as the trial court noted, this was Brisker's second violation under this cause number. The trial court's decision is supported by the record and not clearly against the logic and effect of the facts and circumstances before it. Accordingly, the trial court was well within its discretion to order Brisker to serve the entirety of his previously suspended sentence upon finding that he had violated the terms of his probation.

[12] Affirmed.


Najam, J., and Altice, J., concur.