## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2019, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick M. Schrems
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Taiveon Tramayne Taylor, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 18, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2022 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Marc R. Kellams, Judge <br><br> Trial Court Cause No. <br> 53C02-1801-F6-49 |

**Pyle, Judge.**

# Statement of the Case

[1] Taiveon Taylor ("Taylor") appeals the trial court's order revoking his probation. Finding sufficient evidence to support the revocation, we affirm the trial court's judgment.

[2] We affirm.

# Issue

Whether there is sufficient evidence to support the revocation of Taylor's probation.

# Facts

[3] In March 2018, Taylor pled guilty to Level 6 felony intimidation. In exchange for his guilty plea, the State dismissed two additional counts of Level 6 felony intimidation. Pursuant to the terms of a plea agreement, the trial court sentenced Taylor to two (2) years and (6) months and suspended the sentence to probation.

[4] Two months later, in May 2018, the State filed a petition to revoke Taylor's probation alleging that he had violated the terms of his probation by: (1) committing the offense of auto theft; (2) operating a motor vehicle without a license; and (3) failing to provide proof of participation in and/or completion of a treatment program.

[5] At the revocation hearing, Tiffani Sims ("Sims") and Bloomington Police Department Officer Brandon Siniard ("Officer Siniard") both testified that they

had seen Taylor driving Sims' Mercedes on May 26, 2018. Officer Siniard specifically testified that he was fifteen feet away from Taylor at the time he made the identification and that it was a clear and sunny day. There was nothing obstructing his view of Taylor, with whom he had had prior contact.

[6] At the end of the revocation hearing, the trial court concluded that the State had proved all three violations that were set forth in the revocation petition. The trial court further ordered Taylor to serve 456 days of his previously suspended sentence. Taylor now appeals the revocation of his probation.

## Decision

[7] Taylor argues that there is insufficient evidence to support the revocation of his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State,* 825 N.E.2d 952, 954-55 (Ind. Ct. App. 2005), *trans. denied*. A probation violation need be proven only by a preponderance of the evidence. *Pittman v. State*, 749 N.E.2d 557, 559 (Ind. Ct. App. 2001), *trans. denied*. Further, the violation of a single condition of probation is sufficient to revoke probation. *Id.*

[8] Here, Taylor does not dispute that he does not have a license. Rather, he argues that there was "insufficient evidence to support the allegation that Taylor was driving a vehicle in violation of his terms of probation." (Taylor's Br. 8). However, our review of the evidence reveals that both Sims and Officer Siniard testified that they had seen Taylor driving Sims' Mercedes. Officer Siniard further testified that he was fifteen feet away from Taylor when he identified him and that it was a clear and sunny day. There was nothing obstructing the officer's view of Taylor, with whom he had had prior contact. Taylor's argument that Officer Sinian might be mistaken is an invitation for us to reweigh the evidence, which we will not do. *See Sanders*, 825 N.E.2d at 954-55. We find that there is sufficient evidence to support the revocation of Taylor's probation.[1]

[9] Affirmed.

Najam, J., and Altice, J., concur.

---

[1] Because we have found sufficient evidence to support one of the probation violations, we need not address the sufficiency of the evidence to support the other two violations. *See Pittman*, 749 N.E.2d at 559.